In re the Marriage of Joanne P. **MORTENSON,** Petitioner, **Appellant,**

v.

Allan C. **MORTENSON,** Respondent.

No. C0–86–1856.

Court of Appeals of Minnesota.

July 7, 1987.

James E. O'Gorman, Thorwaldsen, Beeson, Malmstrom & Sorum, Detroit Lakes, for appellant.

David L. Stowman, Detroit Lakes, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Joanne Mortenson requested that the district court award her a one-half interest in her former husband's military pension. The district court denied her motion on the grounds that the court lacked jurisdiction and could not order a division of the purported marital property. We affirm.

## FACTS

Joanne Mortenson and Allan Mortenson were married in August 1962 shortly after Allan enlisted in the Navy. They returned to Becker County after Allan was discharged from the Navy. In mid–1982, Allan left his family in Minnesota and moved to Alaska where he now resides.

The Mortensons' marriage was dissolved in November 1983. Allan did not appear at the dissolution hearing. Joanne was awarded custody of their minor child and most of the parties' real and personal property which was located in Minnesota. The district court did not award maintenance or child support and did not order a division of Allan's military pension benefits but reserved these matters for determination "by a court that has appropriate jurisdiction." Neither party appealed that judgment.

When Allan returned to Minnesota in 1984 to visit his mother, he was personally served with Joanne's petition asking the court to amend its 1983 judgment by awarding her maintenance, child support, and a one-half interest in Allan's military pension. Although Allan did not appear at the July 1984 hearing, the court found that it could exercise personal jurisdiction over Allan and awarded Joanne $350 for attorneys' fees, $100 in monthly maintenance, and $280 in monthly child support. The court further directed that the obligations "shall be paid from any monthly payments to be made from the United States Naval Retirement Program and be paid directly to the petitioner." The court did not make any findings or conclusions about division of Allan's military pension and Joanne did not appeal the judgment. Allan has paid his support and maintenance obligations.

In May 1986, Joanne filed a motion requesting the court to award her fifty percent of Allan's military pension. Allan was served with a copy of the motion in Alaska and was represented at the July 1986 hearing by counsel who appeared specially to contest the court's jurisdiction. Allan argued that the district court could not award Joanne a portion of his military pension as marital property because the court had not established jurisdiction under 10 U.S.C. § 1408. By order dated September 24, 1986, the district court agreed it did "not have personal jurisdiction over the respondent in this matter" and denied Joanne's motion to amend the dissolution decree.

This court granted Joanne's petition for discretionary review under Minn.R.Civ. App.P. 105. Joanne contends the district court had personal jurisdiction over Allan and subject matter jurisdiction over the pension issue and therefore should have awarded her a one-half interest in Allan's military pension benefits.

## ISSUE

Did the district court err by concluding it did not have jurisdiction to award the appellant a one-half interest in her former husband's military pension?

## ANALYSIS

■ Military pension benefits are marital property within the meaning of Minnesota's marital dissolution statutes. *See Deliduka v. Deliduka,* 347 N.W.2d 52, 54–55 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. July 26, 1984); Minn.Stat. § 518.54, subd. 5 (1982). The Mortensons were married all during the period Allan was on active duty in the Navy. Consequently, Allan's entire military pension qualifies as marital property subject to division upon dissolution.

The federal Uniformed Services Former Spouses' Protection Act allows state courts to treat retirement pay of former military personnel as a marital asset. Subject to certain limitations,

> a [state] court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C.A. § 1408(c)(1) (West 1983). However, a state court may not treat federal military pension benefits as marital assets unless the court has jurisdiction over the pensioner.

> A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the

court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

*Id.* at § 1408(c)(4).

■ Joanne argues that the district court has personal jurisdiction over Allan under Minnesota's long arm statute because Allan resided in this state for a short period of time after he was discharged, and because he owned property and maintained a checking account in Minnesota. However, it is undisputed that Allan has been a resident of Alaska since June 1982 and the record does not indicate that Allan currently has any real or personal property within this state. Even if Minnesota's long arm statute would allow the district court to exercise jurisdiction over nonresidents under these circumstances, the statute is preempted by the more restrictive jurisdictional provisions of the Uniformed Services Former Spouses' Protection Act. *See* 10 U.S.C.A. § 1408(c)(4).

When there is a conflict between a validly-enacted federal law and a state law, the federal law prevails. *See Mercantile National Bank at Dallas v. Langdeau,* 371 U.S. 555, 562, 83 S.Ct. 520, 524, 9 L.Ed.2d 523 (1963); *Solum v. Farmers & Merchants National Bank,* 269 Minn. 431, 434, 131 N.W.2d 231, 233 (1964) ("state laws and rules of procedure may not defeat an asserted Federal right which has been 'plainly and reasonably made' "). An act is valid if its "end is a legitimate one within the congressional powers over national defense, and the means are adopted to the chosen end." *Wissner v. Wissner,* 338 U.S. 655, 660–61, 70 S.Ct. 398, 401, 94 L.Ed. 424 (1950). Since the Uniformed Services Former Spouses' Protection Act is a validly-enacted law within the purview of congressional power over national defense matters and the act specifically defines the circumstances under which state courts may exercise jurisdiction over military pensions, the district court is precluded from exercising jurisdiction except under the three limited circumstances enumerated in section 1408(c)(4). *Cf. Free v. Bland,* 369 U.S. 663, 670, 82 S.Ct. 1089, 1094, 8 L.Ed.2d 180 (1962) (valid federal regulations which

created a right of survivorship in United States savings bonds pre-empted inconsistent state community property law by virtue of the supremacy clause); *Wissner*, 338 U.S. at 661, 70 S.Ct. at 401 (conflicting state community property laws did not apply to a military life insurance program established by Congress).

█ Joanne argues that the district court may exercise jurisdiction over Allan because of his past domicile and residence in Minnesota. While the court could reserve the military pension issue for future determination, it could not exercise jurisdiction over Allan's military pension except as provided under the federal statute. Under the plain language of the act, the district court's jurisdiction cannot be based on Allan's past residence in this state. Minnesota is neither Allan's domicile nor his place of residence and Allan has not consented to the district court's jurisdiction. Accordingly, the district court lacked jurisdiction and could not order a division of Allan's military pension benefits. *See Southern v. Glenn*, 677 S.W.2d 576, 583 (Tex.Ct.App. 1984) (the state court could exercise jurisdiction if the pensioner's residence or domicile "is within the state"); *Tarvin v. Tarvin*, 187 Cal.App.3d 56, 232 Cal.Rptr. 13 (1986) (the jurisdictional requirements under section 1408(c)(4) could not be satisfied by looking at the defendant-husband's past domicile or residence in California).

### DECISION

The district court was correct in denying the appellant's motion to amend the dissolution decree. The district court had no jurisdiction over the respondent and could not divide his military pension because the respondent was neither domiciled nor residing in Minnesota and he did not consent to the court's jurisdiction.

Affirmed.