Elza Eugene FLORA

v.

Natalie FLORA.

No. 90–178–A.

Supreme Court of Rhode Island.

Feb. 17, 1992.

George J. West, Providence, for plaintiff.

Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, for defendant.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court on the wife's appeal from a Family Court justice's dismissal of her complaint requesting an amendment to a final divorce order. We affirm.

On February 17, 1983, a final judgment of divorce that was entered in the Rhode Island Family Court ended the marriage of Elza and Natalie Flora (hereafter Elza and Natalie). The divorce decree contained a property settlement but made no provision for the distribution of Elza's military pension. The military pension had not been divided upon entry of final judgment of divorce in 1983 because of the holding in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In *McCarty* the Court determined that under the supremacy clause of the United States Constitution (Article VI, clause 2), a state court was preempted from using state community-property laws to divide a military pension. Congress responded to this Supreme Court decision by passing the Uniform Services Former Spouses Protection Act (USFSPA) in 1982, which permitted state courts to allocate military pensions in divorce proceedings. On April 4, 1988, Natalie filed a complaint in the Rhode Island Family Court requesting that the court amend the final judgment of divorce and distribute Elza's military pension. Elza has been domiciled in California since 1982.

The USFSPA provides that a state court can distribute a military pension if the state court has jurisdiction over the parties. In particular 10 U.S.C. § 1408(c)(4)(1988) provides that

"the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court,

(B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court."

Congress included strict jurisdictional requirements in this statute to prevent forum shopping. Congress wanted to prevent spouses from "search[ing] for the State jurisdiction with the most advantageous law and procedures in which to commence a divorce proceeding. The most favorable jurisdiction might be a State with which the spouse or member has had little previous contact." H. Conf. Rep. No. 97–749, 97th Cong. and S.Rep. No. 97–502, 2d. Sess. (1982), *reprinted in* 1982 3 U.S.C.C.A.N. 1570, 1603.

Natalie, respondent in the divorce proceedings, argues that 10 U.S.C. § 1408(c)(4)(C) confers personal jurisdiction to the Rhode Island Family Court over the person of Elza. Specifically Natalie asserts that the "consent" provision of the statute is satisfied by Elza's "implied consent" to the jurisdiction. Implied consent, according to this argument, is derived by Elza's consent to Rhode Island's being the jurisdiction in which the original divorce was heard.

Elza, petitioner in the divorce proceedings, argues that he is not a resident of Rhode Island or domiciled in Rhode Island for the purposes of distributing his military pension and thus is not subject to the jurisdiction of its courts. Second, Elza asserts that he has not consented to the jurisdiction of the Rhode Island court as required by 10 U.S.C. § 1408(c)(4)(C). Finally, Elza argues that defending this action in Rhode Island would be a personal and financial hardship which would deny him his right to due process.

■■■ The requirement that a court have personal jurisdiction over a defendant before the court has the authority to hear a case involving that defendant is based on due-process concerns. At a minimum due process requires that a nonresident defendant "have certain minimum contacts with it [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). This minimum standard "protects the defendant against the burdens of litigating in a distant or inconvenient forum" and mandates that "the States * * * do not reach out beyond their limits * * * as coequal sovereigns in a federal system." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498 (1980). We note that these standards are the minimum that due process requires for a court to exercise jurisdiction over a nonresident defendant. Congress is free, however, to adopt rules that require a more stringent basis for jurisdiction.

■■■ Section 1408(c) provides the sole method of obtaining jurisdiction over Elza in the present case.[1] Clearly the § 1408(c)(4)(A) and (B) requirements of residence in the jurisdiction or domicile in the jurisdiction are not met since Elza is now living in California. Thus Natalie must show that Elza consented to jurisdiction in Rhode Island in order for the court to have jurisdiction to distribute Elza's military pension.

■■■ Natalie asserts that Elza has impliedly consented to the jurisdiction of the Rhode Island Family Court and relies on the reasoning of courts in cases like *Gowins v. Gowins*, 466 So.2d 32 (La.1985). In *Gowins*, Carroll and Judith Gowins were married in Louisiana in 1962 and established their domicile in Louisiana. In 1979, Judith filed for divorce in Louisiana and alleged that Carroll, an officer in the United States Air Force, was a Louisiana domi-

---

**1.** Natalie has argued that long-arm jurisdiction should apply to the present case. This argument is not applicable, however, because 10 U.S.C. § 1408(c)(4)(1988) does not specifically provide for long arm jurisdiction based on minimum contacts when a spouse is petitioning the court for division of a military pension. *See Mortenson v. Mortenson*, 409 N.W.2d 20, 22 (Minn. Ct.App.1987)(noting that the state court "is precluded from exercising jurisdiction except under the limited circumstances enumerated in section 1408(c)(4)"); *Hattis v. Hattis*, 196 Cal. App.3d 1162, 1167, 242 Cal.Rptr. 410, 413(1987) (noting that in § 1408(c)(4) the "'minimum contacts' option is conspicuously and, we suspect, purposefully absent").

ciliary who resided in South Dakota. A final divorce decree was entered in 1980. In 1984 Judith filed a petition in Louisiana requesting division of Carroll's military pension. Carroll objected to this petition and alleged that the court lacked personal jurisdiction over him.

The *Gowins* court noted that Carroll had consented to the jurisdiction of the Louisiana court for the divorce proceedings. *Id.* at 36. The court reasoned that because Carroll actively participated in the divorce proceedings, he had impliedly consented to Louisiana's assertion of jurisdiction. *Id.* at 37. Furthermore the court determined that his implied consent gave Louisiana jurisdiction over all matters incidental to the dissolution of the marriage, including the division of Carroll's military pension. *Id.* Thus the consent prong of § 1408(c)(4) was met, and the Louisiana court had jurisdiction.

Other courts that have been asked to review the same issue have ruled differently. For example, in *Mortenson v. Mortenson*, 409 N.W.2d 20 (Minn. Ct.App.1987), the parties were married in 1962 and resided in Minnesota. In 1982 Allan Mortenson, a member of the United States Navy, left his family and moved to Alaska. In 1983 Joanne Mortenson divorced him in Minnesota and in 1986 filed a motion in Minnesota requesting a division of Allan's military pension. The court noted that the military pension could be distributed if the jurisdictional requirements of § 1408(c)(1) were met. 409 N.W.2d at 22. The court determined that "jurisdiction cannot be based on Allan's past residence in this state. Minnesota is neither Allan's domicile nor his place of residence and Allan has not consented to the district court's jurisdiction." *Id.* at 23. Consequently the Minnesota District Court did not have jurisdiction over Allan, so the court could not distribute his military pension.

Similarly, in *Hattis v. Hattis*, 196 Cal. App.3d 1162, 242 Cal.Rptr. 410 (1987), the parties were married in California in 1969. In 1981 Larry, an employee of the United States Navy, was transferred to Georgia and upon arrival there filed for divorce. A child-custody order and property-settlement agreement were entered but the military pension was not divided. Finally, in 1985, Nancy filed a complaint in California, seeking to claim her purported share in Larry's military pension. The court determined that Nancy's petition should be dismissed because the court did not have personal jurisdiction. *Id.* at 1170, 242 Cal.Rptr. at 415. The court reasoned that none of the jurisdictional prerequisites of § 1408(c)(4) were met. Specifically Larry did not consent to jurisdiction in California because he "resided here [in California] pursuant to military assignment, not of his own volition." 196 Cal.App.3d at 1168, 242 Cal. Rptr. at 413. The *Hattis* court failed to mention the implied-consent argument that was offered in *Gowins.* Thus, Nancy would have to file the petition in Georgia in order to reach Larry's military pension.

Applying these principles to the case at bar leads to the conclusion that the Rhode Island Family Court does not have jurisdiction over Elza Flora in order to distribute his military pension. We are sympathetic to the fact that Natalie Flora will have to go to California if she wishes to pursue her claim to divide her ex-husband's military pension. Nevertheless, we think Congress has clearly set out the requirements for establishing jurisdiction when a spouse petitions a state court for a division of a military pension. In this case the requirement of consent is not met since Elza in no way consented to the jurisdiction of the Rhode Island Family Court. We do not find a sufficient basis, in the legislative history of the USFSPA or in the case law, to persuade us that implied consent can meet the consent requirements of § 1408(c)(4). Finally, Elza's actions do not provide a basis for a Rhode Island court to assert jurisdiction over him without raising due-process difficulties. Therefore, the Rhode Island Family Court does not have jurisdiction over Elza Flora for purposes of distributing his military pension.

For all these reasons the judgment of the Family Court is affirmed, and the wife's appeal is denied and dismissed.