**EUROPLAST, LTD., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 93–2675.

United States Court of Appeals, Seventh Circuit.

Argued March 31, 1994.

Decided Aug. 17, 1994.

John C. Patzke (argued), Albert H. Petajan, Brigden & Petajan, Milwaukee, WI, for petitioner.

John C. Truesdale, Abby Propis Simms, Anne P. Pomerantz (argued), N.L.R.B., Contempt Litigation Branch, Aileen A. Armstrong, N.L.R.B., Appellate Court, Enforcement Litigation, Washington, DC, Joseph A. Szabo, Director, N.L.R.B., Region 30, Milwaukee, WI, Margery E. Lieber, N.L.R.B., Special Litigation, Washington, DC, for respondent.

Before POSNER, Chief Judge, CUMMINGS and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

In May 1990 two employees of petitioner EuroPlast, Ltd. ("EuroPlast") filed charges with the National Labor Relations Board ("NLRB") alleging unfair labor practices. In August 1990 the NLRB issued a consolidated complaint, and six days of hearings were held before Administrative Law Judge William F. Jacobs ("the ALJ") beginning on April 22, 1991. In June 1992 he issued a thirty-four page decision in favor of EuroPlast. The NLRB's General Counsel filed thirteen exceptions to that decision, with a supporting brief, in August of that year, and the NLRB, through a three-member panel, adopted the ALJ's recommended order and dismissed the complaint. 309 N.L.R.B. No. 45.

In November 1992 EuroPlast, pursuant to the Equal Access to Justice Act (codified at 5 U.S.C. § 504 and 28 U.S.C. § 2412), filed an application with the NLRB to recover its fees and expenses in the merits proceeding. In February 1993 the ALJ issued a supplemental decision dismissing EuroPlast's application for fees and expenses. EuroPlast filed exceptions to that decision in April of that year, and in June the NLRB issued a final order dismissing EuroPlast's application for fees and expenses. 311 N.L.R.B. No. 116. EuroPlast now petitions this Court for review of the NLRB's decision. 5 U.S.C. § 504(c)(2).

Under this portion of the Equal Access to Justice Act, when an agency has conducted an adversary adjudication, a qualified pre-

vailing party (5 U.S.C. § 504(b)(1)(B)) in the underlying proceeding is entitled to recover the "fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified...." 5 U.S.C. § 504(a)(1). In order to meet its burden of showing that its position was substantially justified, *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994), the agency must demonstrate that its position was reasonable both in law and fact. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490. Moreover, the prevailing party may recover a partial award if the agency's position was not substantially justified in only one portion of the proceedings. *McDonald v. Washington,* 15 F.3d 1126, 1129–30 (D.C.Cir.1994).

In this case, EuroPlast argues that the NLRB was not substantially justified both in bringing the complaint against it and in filing exceptions to the ALJ's initial finding in EuroPlast's favor. The ALJ rejected both of these contentions. He noted that the initial complaint was filed by the NLRB's General Counsel in response to believable charges brought by EuroPlast employees, and that the General Counsel could not have anticipated that the ALJ would ultimately credit the testimony of EuroPlast's witnesses rather than the General Counsel's witnesses. The ALJ therefore found the General Counsel to have been substantially justified in filing the complaint and in proceeding before him. He likewise found the General Counsel to have been substantially justified in filing exceptions to his decision.

The Board adopted the ALJ's recommendation to dismiss EuroPlast's application for fees and expenses. It explicitly noted that the General Counsel's exceptions were based, not only on disputed credibility determinations, but also on disputes regarding the

inferences to be drawn from the evidence presented at the hearing.

The parties agree that we may modify the agency's determination not to award fees under the Equal Access to Justice Act only if the failure to make the award was not supported by substantial evidence, 5 U.S.C. § 504(c)(2) ("The court may modify the determination of fees and other expenses only if the court finds that the failure to make an award of fees and other expenses ... was unsupported by substantial evidence"), although there is authority in this Circuit to the effect that the agency's determination regarding fees and expenses is reviewed for abuse of discretion. See, *e.g., Quality C.A.T.V. v. National Labor Relations Board,* 969 F.2d 541, 544 (7th Cir.1992); *Frey v. Commodity Futures Trading Commission,* 931 F.2d 1171, 1174 (7th Cir.1991).\* In this case, there was substantial evidence from which the Board could conclude that the General Counsel's position throughout the proceedings was substantially justified; therefore, we will dismiss EuroPlast's petition for review.

■ EuroPlast's first contention is that the NLRB was not substantially justified in filing a complaint against it. This is manifestly without merit. The complaint was premised on charges brought by employees of EuroPlast who claimed that EuroPlast had illegally retaliated against them for union-connected activities. In fact, these employees had been engaged in union-connected activities, and they had been subject to discipline and job reassignment shortly thereafter. Moreover, when employees were recalled after a layoff, the charging employees were not recalled in order of seniority as EuroPlast's policy dictated. (The complete facts underlying the adversary adjudication in this case are reported at 309 N.L.R.B. No. 45.) As the ALJ noted in his supplemental decision, "The scenario upon which the issuance of complaint was grounded, was based

---

\* See *Pierce,* 487 U.S. at 559, 108 S.Ct. at 2546–47 (implying that review of a district court's determination regarding fees and expenses under that portion of the Equal Access to Justice Act that is codified at 28 U.S.C. § 2412 is reviewed under an abuse of discretion standard while an agency's determination of the same issue under 5

U.S.C. § 504 is reviewed under the substantial evidence test). We need not address this issue further since the outcome under either standard would be the same in this case. Cf. *Morales v. Yeutter,* 952 F.2d 954, 957 (7th Cir.1991) (questioning whether fine gradations of deference can be formally distinguished).

chiefly upon the testimony of [the charging employees] and other witnesses which General Counsel credited.... General Counsel had no way of foreseeing that I would make the credibility determinations which I did, most frequently in favor of Respondent's witnesses and against those of General Counsel." 311 N.L.R.B. No. 116. Clearly there was substantial evidence from which the NLRB could conclude that the General Counsel was substantially justified in filing a complaint and proceeding before the ALJ. Cf. generally *National Labor Relations Board v. Shelby Memorial Hospital Ass'n,* 1 F.3d 550 (7th Cir.1993) (discussing circumstances under which retaliation for union-connected activities may properly be inferred).

■ EuroPlast's second contention is that the NLRB was not substantially justified in filing thirteen exceptions to the ALJ's thorough opinion dismissing the charges against EuroPlast. While this excellent opinion addresses the issues most carefully, and perhaps the General Counsel exhibited poor judgment in pursuing the claim beyond the ALJ's decision, we cannot say that the NLRB lacked substantial evidence to support its decision not to award EuroPlast fees and expenses for this portion of the proceedings. As the Board noted in its supplemental decision not to award fees and expenses to EuroPlast, many of the General Counsel's exceptions were addressed to what inferences should be drawn from the evidence presented at the hearing before the ALJ. The General Counsel argued that the shifting reasons articulated by EuroPlast in support of its failure to recall the charging employees in order of seniority supported an inference of improper animus against those employees. Moreover, the General Counsel pointed out that from the evidence of disparate treatment in disciplining employees the ALJ should have inferred improper animus. "Because it was possible to draw a set of inferences from the circumstances here that would have supported the General Counsel's position, we find that the General Counsel's arguments had a reasonable basis in law and fact...." 311 N.L.R.B. No. 116. Cf. *National Labor Relations Board v. Henry Colder Co., Inc.,* 907 F.2d 765, 769 (7th Cir.1990)

("shifting explanations for discharge may, in and of themselves, provide evidence of unlawful motivation"); *Northern Wire Corp. v. National Labor Relations Board,* 887 F.2d 1313, 1318–19 (7th Cir.1989) (anti-union animus inferable from discriminatory discipline of pro-union employees).

Were this Court reviewing the case *de novo* we might come to a different conclusion from the Board on the issue of whether the NLRB was substantially justified in filing exceptions to the ALJ's opinion, but under 5 U.S.C. § 504(a)(2) our review of this matter is deferential. It cannot be said that the Board's position lacks a reasonable basis in the record; therefore the petition for review of the Board's decision is dismissed.