[No. C052300. Third Dist. Feb. 1, 2007.]

ROBERT MILLER, Plaintiff and Appellant, v.
UNION PACIFIC RAILROAD COMPANY, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.

## COUNSEL

Larry Lockshin, Diana Esquivel and Charlotte E. Costan for Plaintiff and Appellant.

Reed Smith, Joseph P. Mascovich; Michael L. Whitcomb and William H. Pohle for Defendant and Respondent.

OPINION

**ROBIE, J.**—Plaintiff Robert Miller filed suit in state court under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 et seq.) seeking recovery for injuries he sustained while working for defendant Union Pacific Railroad Company (Union Pacific). Miller prevailed at trial and sought to recover approximately $73,000 in expert witness fees under Code of Civil Procedure[1] section 998. The trial court granted Union Pacific's motion to strike the fees and denied Miller's motion for reconsideration.

In the published portion of the opinion, we hold the availability of expert witness fees in a FELA action filed in state court is controlled by federal law, and we find federal law does not authorize an award of expert witness fees to a prevailing plaintiff in a FELA action. Accordingly, we affirm the trial court's order striking Miller's request for expert witness fees.

In the unpublished portion of the opinion, we hold the trial court did not abuse its discretion in denying Miller's motion for reconsideration.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1966, Miller began his career at Union Pacific, working mainly as a locomotive engineer. In July 2001, he was injured when a hand brake on a locomotive engine failed.

Miller filed suit in state court against Union Pacific for negligence under the FELA. He made several offers to compromise pursuant to section 998 ranging from $499,999 to $749,999. Union Pacific rejected the offers. Thereafter, a jury found in Miller's favor and awarded him $2.5 million for pain and suffering. The court ordered a remittitur reducing the amount to $1.3 million, to which Miller consented.

Miller filed a memorandum of costs requesting approximately $73,000 in expert witness fees pursuant to section 998. Union Pacific asked the court to strike the fees, contending the FELA did not provide for expert witness fees, and federal law preempted state law. The trial court agreed with Union Pacific, finding instructive a recent case from the California Supreme Court

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

that held federal law prohibited an award of prejudgment interest under state law to a prevailing plaintiff in a FELA action. (*Lund v. San Joaquin Valley Railroad* (2003) 31 Cal.4th 1, 5 [1 Cal.Rptr.3d 412, 71 P.3d 770] (*Lund*).)

Miller filed a motion for reconsideration, presenting evidence Union Pacific recently prevailed on its request for expert witness fees in a FELA action tried in the Los Angeles County Superior Court. The trial court denied the motion for reconsideration, ruling a conflicting award or opinion rendered by another jurisdiction did not constitute new facts.

Miller filed a timely notice of appeal from the trial court's orders. On appeal, he contends the court erred in interpreting *Lund* to preclude an award of expert witness fees and in denying his motion for reconsideration. As will be explained, we disagree with these contentions.

### DISCUSSION

### I

#### *A Prevailing Plaintiff in A FELA Action Filed in State Court Is Not Entitled to Expert Witness Fees*

"In 1906, Congress enacted the FELA to provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or their fellow employees." (*Atchison T. & S. F. R. Co. v. Buell* (1987) 480 U.S. 557, 561 [94 L.Ed.2d 563, 570, 107 S.Ct. 1410], fn. omitted.) It was meant to " 'create uniformity throughout the Union' with respect to railroads' financial responsibility for injuries to their employees." (*Norfolk & Western R. Co. v. Liepelt* (1980) 444 U.S. 490, 493, fn. 5 [62 L.Ed.2d 689, 693, 100 S.Ct. 755].)

Although the FELA gives rise to a cause of action under federal law, a plaintiff may elect to adjudicate a FELA claim in state court. (*Norfolk & Western R. Co. v. Ayers* (2003) 538 U.S. 135, 142, fn. 1 [155 L.Ed.2d 261, 272, 123 S.Ct. 1210].) "As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal." (*St. Louis Southwestern R. Co. v. Dickerson* (1985) 470 U.S. 409, 411 [84 L.Ed.2d 303, 306, 105 S.Ct. 1347].)

The applicability of state law to a FELA plaintiff's claim for prejudgment interest was considered by the United States Supreme Court in *Monessen*

*Southwestern R. Co. v. Morgan* (1988) 486 U.S. 330, 334 [100 L.Ed.2d 349, 357, 108 S.Ct. 1837] (*Monessen*)). There, an injured railroad worker brought a FELA action in a Pennsylvania trial court against the railroad. (486 U.S. at p. 332 [100 L.Ed.2d at p. 356].) The jury found in favor of the railroad worker and awarded him $125,000 in damages. (*Ibid.*) The trial court added approximately $27,000 in prejudgment interest to the award pursuant to rule 238 of the Pennsylvania Rules of Civil Procedure. (*Monessen*, at pp. 332–333 [100 L.Ed.2d at p. 356].) The state reviewing court affirmed, characterizing rule 238 of the Pennsylvania Rules of Civil Procedure as a " 'rule of procedure' designed to encourage meaningful settlement negotiations and thereby alleviate congestion in the trial courts." (*Monessen*, at p. 333 [100 L.Ed.2d at p. 356].)

The United States Supreme Court reversed, holding "the Pennsylvania courts erred in treating the availability of prejudgment interest in FELA actions as a matter of state law rather than federal law." (*Monessen, supra*, 486 U.S. at p. 335 [100 L.Ed.2d at p. 358], fn. omitted.) The United States Supreme Court reasoned that prejudgment interest "is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered," "may constitute a significant portion of an FELA plaintiff's total recovery," and "constitute[d] too substantial a part of a defendant's potential liability under the FELA . . . to accept a State's classification of a provision such as Rule 238 as a mere 'local rule of procedure.' " (*Monessen*, at pp. 335–336 [100 L.Ed.2d at p. 358].)

█  The United States Supreme Court then turned to whether federal law authorized an award of prejudgment interest in a FELA action. (*Monessen, supra*, 486 U.S. at p. 336 [100 L.Ed.2d at p. 358].) The United States Supreme Court observed that neither the FELA nor the general federal interest statute made any mention of prejudgment interest but found "a sufficiently clear indication of legislative intent with regard to prejudgment interest under the FELA" when considering "Congress' silence on this matter in the appropriate historical context." (486 U.S. at pp. 336–337 [100 L.Ed.2d at pp. 358–359].) When Congress enacted the FELA, common law did not allow prejudgment interest in suits for personal injury or wrongful death. (486 U.S. at p. 337 [100 L.Ed.2d at p. 359].) While Congress expressly dispensed with other common law doctrines of that era to provide liberal recovery for injured workers under the FELA, it did not deal "with the equally well-established doctrine barring the recovery of prejudgment interest." (486 U.S. at pp. 337–338 [100 L.Ed.2d at p. 359].) Moreover, Congress had amended the FELA on several occasions since 1908 and never attempted to provide for prejudgment interest. (486 U.S. at pp. 338–339 [100 L.Ed.2d at

p. 360].) The United States Supreme Court concluded that "[i]f prejudgment interest [wa]s to be available under the FELA, then Congress must expressly so provide." (*Id.* at p. 339 [100 L.Ed.2d at p. 360].)

The California Supreme Court applied *Monessen* to strike approximately $22,000 in prejudgment interest under Civil Code section 3291 to an injured railroad worker who had been awarded $538,570 in a FELA action filed in state court. (*Lund, supra,* 31 Cal.4th at pp. 5–6, 13, 15.) The Court of Appeal had attempted to distinguish *Monessen* based on "minor differences" in California's and Pennsylvania's prejudgment interest laws, but the *Lund* court found the laws had the similar purpose of "permit[ting] plaintiffs to recover prejudgment interest only if certain conditions designed to encourage pretrial settlements [we]re satisfied." (*Lund,* at p. 14.) Noting the United States Supreme Court in *Monessen* had concluded "the policy underlying Pennsylvania's prejudgment interest rule had to give way to Congress's decision *not* to allow prejudgment interest in FELA actions," the *Lund* court saw "no basis for concluding otherwise with regard to the policy reflected in California's prejudgment interest law." (*Lund,* at p. 15.)

In ordering the trial court to strike the award of prejudgment interest, the *Lund* court closed with the following observation: "Congress enacted the FELA to achieve national uniformity in personal injury actions by railroad employees against their employers. [Citations.] That goal would be frustrated if FELA plaintiffs could recover prejudgment interest simply by filing their actions in state court rather than in federal court, where such recovery is precluded. Even if prejudgment interest could be considered procedural rather than substantive, 'state procedure must give way if it impedes the uniform application of the federal statute essential to effectuate its purpose, even though the procedure would apply to similar actions arising under state law.' [Citation.]" (*Lund, supra,* 31 Cal.4th at p. 15.)

Miller attempts to distinguish *Lund* and *Monessen,* contending nothing in these cases supports the notion that expert witness fees should be excluded under the FELA. He devotes a substantial portion of his argument to classifying section 998 expert witness fees as procedural. In our view, however, the reasoning of *Monessen* and *Lund* applies equally to an analysis of whether a prevailing plaintiff may recover expert witness fees in a FELA action filed in state court, notwithstanding section 998's classification as procedural or substantive.

The Pennsylvania law at issue in *Monessen*, Civil Code section 3291 at issue in *Lund*, and section 998 at issue here all have a similar purpose. They are designed to encourage pretrial settlement by permitting plaintiffs additional recovery if certain conditions are satisfied.[2] (*Lund, supra*, 31 Cal.4th at p. 14 [describing the purpose of the laws at issue in *Monessen* and *Lund*]; *Valentino v. Elliott Sav-On Gas, Inc.* (1988) 201 Cal.App.3d 692, 696–697 [247 Cal.Rptr. 483] [describing the purpose of section 998].) Both the *Monessen* court and *Lund* court found the policy underlying the state prejudgment interest laws at issue in those cases had to give way to Congress's decision not to allow prejudgment interest in FELA actions. (*Lund*, at pp. 14–15.) We see no basis for concluding otherwise with respect to the policy reflected in section 998.

Moreover, both *Monessen* and *Lund* stressed that simply classifying a state law as procedural does not avoid application of federal law in a FELA action brought in state court. (*Monessen, supra*, 486 U.S. at p. 336 [100 L.Ed.2d at p. 358]; *Lund, supra*, 31 Cal.4th at p. 15.) Rather, " 'state procedure must give way if it impedes the uniform application of the federal statute essential to effectuate its purpose, even though the procedure would apply to similar actions arising under state law.' [Citation.]" (*Lund*, at p. 15.) The FELA was intended to create national uniformity with respect to railroads' financial responsibility for injuries to their employees. (*Norfolk & Western R. Co. v. Liepelt, supra*, 444 U.S. at p. 493, fn. 5 [62 L.Ed.2d at p. 693].) If a prevailing plaintiff was allowed to recover expert witness fees in a FELA action filed in state court, those fees may constitute a significant part of a FELA defendant's total liability. Here, for example, Union Pacific's total liability would have been increased by approximately $73,000 had Miller's claim for expert witness fees been granted. Just as prejudgment interest "constitutes too substantial a part of a defendant's potential liability under the FELA" to accept classification of a state rule for prejudgment interest as a local rule of procedure (*Monessen*, at p. 336 [100 L.Ed.2d at p. 358]), expert witness fees under section 998 constitute too substantial a part of a defendant's potential liability under the FELA to accept Miller's classification of section 998 as a state rule of procedure.[3]

---

[2] As Union Pacific notes, Civil Code section 3291 "is directly tied to Code of Civil Procedure section 998 because it allows the plaintiff to recover prejudgment interest if he or she made a statutory settlement offer, which the defendant rejected, and obtained a more favorable judgment at trial."

[3] In an attempt "to show that courts are mindful of the states' rights to control their own courts by imposing penalties," Miller cites a 1916 case upholding the addition of 10 percent in damages pursuant to state law in a FELA case after the railroad was unsuccessful in overturning the judgment on appeal. (*Louisville & N. R. Co. v. Stewart* (1916) 241 U.S. 261, 263 [60 L.Ed. 989, 994, 36 S.Ct. 586].) That case did not involve the addition of a penalty as Miller contends, but rather, the addition of postjudgment interest. (*Id.* at p. 263 [60 L.Ed. at p. 994].) Moreover, Miller's argument that "there is long-standing precedent in favor of

■ We turn then to whether federal law authorizes an award of expert witness fees to a prevailing plaintiff in a FELA action. As Miller observes, the FELA is silent on the issue. Undoubtedly, the use of experts and their fees have increased since the FELA was enacted in 1906. However, Congress has amended the FELA numerous times, most recently in 1994, and has never provided for expert witness fees. (See *Monessen, supra,* 486 U.S. at pp. 338–339 [100 L.Ed.2d at p. 360] ["36 Stat. 291 (1910); 53 Stat. 1404 (1939); 62 Stat. 989 (1948)"]; 45 U.S.C. § 54a.) Moreover, while there is federal law permitting recovery of costs by a prevailing defendant whose offer to compromise was rejected by the plaintiff (Fed. Rules Civ. Proc., rule 68, 28 U.S.C.), that rule "has no application to offers made by the plaintiff." (*Delta Air Lines, Inc. v. August* (1981) 450 U.S. 346, 350 [67 L.Ed.2d 287, 291–292, 101 S.Ct. 1146].) Finally, had Congress intended to enact legislation permitting a prevailing plaintiff in a FELA action to recover expert witness fees, it could have done so. (Cf. *Lovell v. Chandler* (9th Cir. 2002) 303 F.3d 1039, 1058 [the Americans with Disabilities Act authorizes a court to award expert witness fees to a prevailing party].) Against this backdrop, we refuse to impute to Congress an intent to make available expert witness fees to a prevailing plaintiff under the FELA. Accordingly, we conclude federal law prohibits an award of expert witness fees under state law to a prevailing plaintiff in a FELA action. Therefore, the trial court did not err in striking Miller's request for expert witness fees pursuant to section 998.

II*

*The Trial Court Did Not Abuse Its Discretion in Denying the
Motion for Reconsideration*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

imposing state court penalties in FELA actions" is tenuous given the United States Supreme Court's more recent statement in *Monessen* that a trial court cannot avoid application of federal law in a FELA action by characterizing contrary state law as procedural, given the possibly substantial financial impact to a FELA defendant of a given state law. (*Monessen, supra,* 486 U.S. at p. 336 [100 L.Ed.2d at p. 358].)

*See footnote, *ante,* page 451.

## DISPOSITION

The trial court's orders are affirmed. Union Pacific shall recover its costs on appeal. (Cal. Rules of Court, rule 27(a)(1).)

Raye, Acting P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 9, 2007, S150796.