In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-3521

PARK MANOR, LTD.,

*Petitioner*,

*v.*

UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

*Respondent*.

———————

Petition to Review a Final Decision of the
Departmental Appeals Board of the
U.S. Department of Health and Human Services.
No. A-05-37.

———————

ARGUED MAY 4, 2007—DECIDED JULY 23, 2007

———————

Before POSNER, MANION, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. The petitioner, Park Manor, a nursing home, asks us to reverse the denial by HHS's Departmental Appeals Board of an award of attorneys' fees under two provisions of the Equal Access to Justice Act, 5 U.S.C. §§ 504(a)(1) and (4). We have jurisdiction because, had Park Manor lost before the Board and sought judicial review, we would have had jurisdiction of that review proceeding. 42 U.S.C. § 1320a-7a(e).

The first subsection of section 504(a) provides that "an agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States," the party's reasonable attorney's fees unless the government's position was "substantially justified." An agency within the Department of Health and Human Services called CMS (Centers for Medicare & Medicaid Services) is responsible for making sure that nursing homes that receive reimbursement under the Medicare program comply with the various rules that HHS has issued for the protection of the residents of nursing homes. *Fairfax Nursing Home, Inc. v. HHS*, 300 F.3d 835, 836 (7th Cir. 2002); *Mimiya Hospital, Inc. v. HHS*, 331 F.3d 178, 179 (1st Cir. 2003). To this end CMS conducts annual "surveys" (inspections of nursing homes). Only it doesn't conduct the inspections itself; it has delegated the task to state health agencies that employ nurses, nutritionists, and other health professionals to inspect nursing homes for violations of applicable rules. *Id.* at 179. If the state agency reports to CMS that it has found violations, CMS can forthwith impose sanctions, such as civil penalties and denial to the nursing home of reimbursement for the expenses of new residents. 42 U.S.C § 1395i-3(h)(2). The nursing home can challenge the sanctions, as Park Manor did here, and the ruling of the first-level decider, an administrative law judge in HHS, is reviewable by the Departmental Appeals Board and then by the court of appeals.

Inspections of Park Manor conducted by the Wisconsin health agency in 2001 yielded a 123-page report to CMS. The agency had found 28 violations. CMS responded by imposing temporary sanctions but later suspended them because Park Manor was back in compliance. By the time

the case came before the administrative law judge for a determination of the validity of the charges and the possible imposition of permanent sanctions, CMS had dropped all but seven of the charges. The administrative law judge dismissed two more on summary judgment. He then decided that if he sustained just one of the five remaining charges, this would support the sanctions that CMS was seeking and he wouldn't have to consider the other four charges. So he picked one, sustained it, and disregarded the rest. The Departmental Appeals Board reversed the ruling sustaining the one charge, but declined to remand the case for the administrative law judge to rule on the other four charges because CMS had not made an issue before the Board of the administrative law judge's declining to consider them.

That would have ended the proceeding had not Park Manor sought reimbursement under the Equal Access to Justice Act of $289,000 in attorneys' fees. The administrative law judge denied the claim in its entirety, finding that all the charges brought by CMS, including those that CMS had dropped and those he had dismissed on summary judgment, had been substantially justified. The Departmental Appeals Board affirmed except with respect to one of the two charges that had been dismissed on summary judgment, and so awarded Park Manor a portion of the fees it sought, but a tiny portion—less than $7,000. *Park Manor Nursing Home v. Centers for Medicare & Medicaid Services*, DAB No. A-05-37, 2005 WL 3753088 (DAB Dec. 16, 2005).

The Board ruled that it did not have to review the merits of the 21 charges that CMS had dropped before the hearing conducted by the administrative law judge. It ruled that way because it rejected Park Manor's contention that

"CMS may not reasonably rely on state survey findings in making its remedy decisions but must investigate—or look behind—those findings to verify their correctness before deciding to impose remedies." The Board said that "this premise is inconsistent with the enforcement process . . . . Reliance by CMS on state survey findings is precisely what this process permits and encourages. Requiring CMS to investigate every facility before imposing remedies would frustrate the goals of protecting residents and encouraging facilities to correct quickly any deficiencies that jeopardize resident health and safety." *Id*.

The Board found that all but one of the charges that CMS had ultimately pursued were substantially justified by the information contained in the detailed report of Wisconsin's health agency. That finding is supported by substantial evidence and thus binds us. But that leaves the other 21 charges, the ones CMS dropped before the hearing. If any of those charges were not substantially justified, Park Manor is entitled to be reimbursed for the portion of its attorney's fees that is reasonably allocable to them. *EuroPlast, Ltd. v. NLRB,* 33 F.3d 16, 16-17 (7th Cir. 1994); *American Wrecking Corp. v. Secretary of Labor,* 364 F.3d 321, 325-26 (D.C. Cir. 2004) (per curiam). They were dropped early in the process initiated by the survey, but they gave rise to interim sanctions, and Park Manor incurred attorney's fees in getting the sanctions lifted and argues that CMS should not have imposed the interim sanctions without *independently* determining whether the report of the state agency—the source of the findings on which the sanctions were based—was accurate.

HHS must show that CMS was substantially justified in taking the steps it took that led up to the formal proceeding before the administrative law judge, as well as in the

steps it took in that proceeding. 5 U.S.C. § 504b(1)(E); *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080-81 (7th Cir. 2000); *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993); *Natural Resources Defense Council, Inc. v. EPA*, 703 F.2d 700, 706-07 (3d Cir. 1983). But CMS has delegated on-site inspection of nursing homes to responsible state agencies, and the delegation is not only lawful, 42 U.S.C. § 1395aa(a), but sensible. The states impose their own rules on nursing homes, and it is efficient to have the same agency investigate compliance with both sets of rules rather than to have two inspections of the same nursing home by two agencies. The economy achieved by delegation would be lost if before acting on the results of the state agency's report the federal government had to duplicate the agency's investigation on pain of having to reimburse the nursing home's attorney's fees should the state report prove to contain critical errors. That would also retard the correction of the deficiencies found by the state agency, here quickly achieved when CMS imposed interim sanctions.

Park Manor argues that the state agency's reports are one-sided, nonadversary, and therefore unreliable. It might as well argue that the government cannot put a person to the expense of defending against a criminal charge on the basis of a grand jury's indictment, as proceedings before a grand jury are one-sided too; an indictment establishes probable cause to believe the defendant guilty of crime, and no more is required to justify instituting a criminal proceeding. The state agency's report of violations establishes probable cause for CMS to impose interim sanctions and seek permanent ones, and no more is required to establish substantial justification under

section 504(a)(1). *Park Manor Nursing Home v. Centers for Medicare & Medicaid Services, supra*; *Harmony Court v. Centers for Medicare & Medicaid Services*, DAB No. 1968, 2005 WL 835751 (DAB Mar. 28, 2005). Imposing interim sanctions in advance of full investigation is a sensible procedure with familiar analogs in the interim remedies available in ordinary civil litigation, such as temporary restraining orders.

Park Manor has another arrow in its quiver. Section 504(a)(4) provides that if "the demand [made of a party] by the agency is substantially in excess of the decision of the adjudicative officer and is unreasonable when compared with such decision, under the facts and circumstances of the case," the party is entitled to the attorneys' fees that it reasonably incurred in resisting the demand. Park Manor argues that since HHS awarded the government no relief at all, CMS's demand for sanctions must have been "substantially in excess of the decision" and "unreasonable when compared with" the decision.

Park Manor admits that this interpretation would undercut the "substantially justified" standard of subsection (1) by giving litigants a second bite at the same apple under a different (but seemingly not a more demanding) standard. The sensible interpretation, which avoids this anomaly, confines subsection (4) to the case in which the government prevails but the relief it obtains is meager in comparison to the relief it had sought. *American Wrecking Corp. v. Secretary of Labor*, *supra*, 364 F.3d at 327-28; see Judith E. Kramer, "Equal Access to Justice Act Amendments of 1996: A New Avenue for Recovering Fees from the Government," 51 *Admin. L. Rev.* 363, 376 (1999). By seeking excessive relief, an agency forces the party against which it is proceeding to incur an excessive ex-

pense to defend itself. The proceeding is justified, so far as the party's liability is concerned; it is only the relief demanded that is unjustifiable. The parallel is to Rule 68 of the Federal Rules of Civil Procedure, which relieves a defendant from having to pay the plaintiff's costs if having refused the defendant's offer of judgment the plaintiff obtains a smaller judgment. The rule penalizes the greedy winning plaintiff but is inapplicable if the defendant wins. See *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981). Subsection (4) has a similar office, and thus has no application to this case because the entity against which the government was proceeding, Park Manor, prevailed.

The petition for review is

DENIED.

A true Copy:

    Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*