NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued October 29, 2008
Decided December 16, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 08-1568 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| JOHN FREEMAN, | |
| *Plaintiff-Appellant*, | No. 07 C 6 |
| *v.* | **Joseph Van Bokkelen**, *Judge*. |
| ROBERT GUY, in his individual capacity, and CITY OF MONTICELLO, | |
| *Defendants-Appellees*. | |

**O R D E R**

John Freeman brought this § 1983 suit against Robert Guy, the White County prosecutor, and the City of Monticello, Indiana (the "City"), alleging that they conspired

to violate his constitutional rights by engaging in a "reckless prosecutorial campaign" against him. Both defendants moved to dismiss Freeman's suit pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the defendants' motions and dismissed the case. Freeman appeals. We affirm.

I.

Freeman filed this suit on January 25, 2007. His original complaint listed the Monticello Police Department ("MPD") as a defendant, but his amended complaint substituted the City for the MPD. In the amended complaint's sole count, Freeman alleges that Guy and the City violated his constitutional rights by arresting and charging him without probable cause 13 times from 1997 to 2004. According to the amended complaint, Guy launched this "reckless prosecutorial campaign" against Freeman because of hard feelings over Steve Buyer's congressional run in the early 1990's. Guy had wanted to run against Jim Jontz, the incumbent, to avenge his father's earlier loss to Jontz. Buyer, however, beat Guy in the primaries and became the candidate opposing Jontz. Guy's alleged animus towards Freeman sprang from Freeman's having encouraged Buyer to run.

The amended complaint details some of the 13 arrests and charges Guy and the City brought against Freeman. As we explain below, only three of the arrests and the charges resulting from them are relevant to this appeal. The first occurred in March 2004 when Monticello police officers arrested Freeman after he pushed off a nine-year-old boy who had jumped on his back while swimming laps at the Brandy Wine Hotel. Freeman was charged with battery and trespass. He was found not guilty of the battery on November 29, 2005; the charge of trespass was later dismissed. The second arrest happened in the summer of 2004. Freeman was arrested and charged with criminal mischief and criminal recklessness after his neighbor John Neal attacked him twice. Freeman entered into a diversion agreement in May 2006 on those charges. The third arrest arose out of another incident with Neal. (What that incident entailed, or when it occurred, the amended complaint does not say.) Freeman was charged with theft and receiving stolen property; both of those charges were dismissed in January 2006.

Before Freeman filed his amended complaint, both Guy and the MPD moved to dismiss Freeman's original complaint. Among other things, Guy argued that the statute of limitations barred Freeman's claims against him. Guy also asserted, in the

alternative, that he was entitled to absolute prosecutorial immunity. The MPD, besides contending that it was not a legal entity subject to suit, raised the statute of limitations defense as well. It also argued that Freeman's malicious prosecution claims were not actionable under § 1983. In addition, the MPD contended that Freeman's claims against it failed because Freeman had not pled that his injury was the result of an unconstitutional policy or custom of the MPD. Freeman failed to address that last argument when he filed his response to the defendants' motions to dismiss.

After Freeman filed his amended complaint, both Guy and the City filed motions to dismiss. Guy raised the same arguments as he had in his previous motion, while the City asserted the same arguments that the MPD had raised in its motion to dismiss, including the argument that Freeman had failed to allege that his arrests and prosecutions were pursuant to an unconstitutional municipal policy or custom. Though he responded to Guy's renewed motion, Freeman did not respond to the City's motion to dismiss.

The district court granted the defendants' motions. Construing Freeman's complaint as raising § 1983 claims for malicious prosecution and false arrest, the district court determined that the statute of limitations barred all of Freeman's claims against Guy except those related to the three arrests detailed above. It then held that Guy was entitled to absolute prosecutorial immunity on the remaining timely claims. For the City, the district court found that the only claims not time-barred were those arising from the most recent run-in with Neal. But the district court held that the claims arising from that incident had to be dismissed as well because Freeman had failed to allege either that the arresting officer was acting pursuant to a municipal policy or custom or had final policy-making authority for the City. In addition, citing *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), the district court held that any malicious prosecution claim against the City failed because the allegations in Freeman's amended complaint relevant to such a claim did not go beyond asserting that he was charged without probable cause and that most of the prosecutions were terminated in his favor—allegations which, under *Newsome*, are insufficient to make out an actionable claim of malicious prosecution.

II.

We review a district court's grant of a motion to dismiss for failure to state a claim de novo, drawing all reasonable inferences in favor of the nonmovant. *See*

*Williams v. Seniff*, 342 F.3d 774, 781 (7th Cir. 2003). A plaintiff's complaint must "provide a 'short and plain statement of the claim showing that the pleader is entitled to relief' that is also sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) and Fed. R. Civ. P. 8(a)(2)). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that a "government official, acting under color of state law, deprived [him] of a right secured by the Constitution or laws of the United States." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

On appeal, Freeman raises three objections to the district court's ruling. Because Freeman does not challenge the district court's decision as it pertains to the statute of limitations, we will limit our discussion of his objections to those claims that the district court held were not time-barred. First, Freeman contends that the district court erred in finding that Guy as a prosecutor was absolutely immune from suit. "[T]he degree of immunity prosecutors are afforded depends on their activity in a particular case." *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000). A prosecutor is absolutely immune from suit when he is performing functions—such as determining whether charges should be brought and initiating a prosecution —"intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997). A prosecutor is not entitled to absolute immunity, however, when he is performing "acts of investigation or administration." *Buckley*, 509 U.S. at 270 (internal quotation marks omitted). Freeman alleges in his appellate brief that Guy "performed administrative functions and conducted investigations." His amended complaint, however, does not contain any such allegations. Rather, Freeman's amended complaint only speaks of Guy *charging* and *instituting actions* and *convicting* when discussing Freeman's non-time-barred claims. Those are all actions that are "intimately associated with the judicial phase of the criminal process"; Guy is therefore entitled to absolute immunity on those claims.

Next, Freeman asserts that the district court erred in dismissing his timely claims for false arrest and malicious prosecution against the City stemming from his arrest and

charges related to his most recent run-in with Neal. He argues that the district court should have found that the City could be liable for the actions of the arresting MPD officers because of the City's "widespread practice of participating in improper actions against Mr. Freeman." Appellant Br. at 10. Freeman did not raise any argument for municipal liability based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny in the district court in response to either the MPD's or the City's motion to dismiss. Freeman woefully under-develops that argument, devoting to it in his opening brief one paltry paragraph of conclusory assertions. As we have stressed to litigants time and time again, "[p]erfunctory and undeveloped arguments are waived, especially when, as here, 'a party fails to develop the factual basis of a claim on appeal and, instead, merely draws and relies upon bare conclusions.'" *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852 n.6 (7th Cir. 2002) (quoting *Spath v. Hayes Wheels Int'l Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000)); *see also Argyropoulos v. City of Alton*, 539 F.3d 724, 739 (7th Cir. 2008).

In any event, the argument is meritless. In order to state a § 1983 claim against a municipality, a plaintiff must allege that an official policy was the "moving force" behind the constitutional violation. *Estate of Sims*, 506 F.3d at 514 (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id*. at 515. Unless there is an unconstitutional policy that causes the injury, there cannot be municipal liability. *Id*. at 514-15.

Conspicuously absent from Freeman's amended complaint is any allegation that his arrests and prosecutions were the result of an unconstitutional policy or custom of the City or that his constitutional injury was caused by a City policymaker. Freeman claims that the facts pled in his amended complaint can be read to allege a widespread practice of unconstitutional acts by MPD officers, but we disagree. There is no allegation in the amended complaint that MPD officers participated in any unconstitutional conduct during his prosecutions for the charges referenced in the complaint. And, as the district court noted, all of the arrests specifically alleged in the amended complaint were made pursuant to a warrant after charges had been filed against Freeman. Such arrests cannot be the basis of § 1983 liability for the arresting

officer, *see Jurris v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992) (noting that a "person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest"), much less the municipality that he serves. *See Phelan v. Cook County*, 463 F.3d 773, 790 (7th Cir. 2006). Moreover, Freeman's allegation that all of the arrests and charges against him were without probable cause does not save his claims against the City, since that naked legal conclusion is inconsistent with the factual allegations in the amended complaint—in particular, the allegation that four of the charges against him were the result of a grand jury's indictment and the allegation that Freeman was found guilty on one charge. *See Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994) ("[I]f a plaintiff does plead particulars, and they show that he has no claim, then he is out of luck —he has pleaded himself out of court."); *see also Park Manor, Ltd. v. U.S. Dep't of Health & Human Servs.*, 495 F.3d 433, 437 (7th Cir. 2007) ("[A]n indictment establishes probable cause to believe the defendant guilty of crime, and no more is required to justify instituting a criminal proceeding.").

Lastly, Freeman argues that his malicious prosecution claims against the City based on the charges of theft and receiving property were actionable under § 1983 as a violation of the Fourth Amendment. As mentioned above, Freeman's amended complaint lacks any allegation that he was prosecuted pursuant to an unlawful municipal policy or practice; Freeman's malicious prosecution claims against the City therefore fail for that independent reason. But even putting aside the lack of any basis under *Monell* for municipal liability, Freeman is wrong to assert that he has alleged an actionable § 1983 claim for malicious prosecution. The allegations in his amended complaint that he was prosecuted without probable cause and that "most" of the actions were terminated in his favor are insufficient to plead such a claim. "[T]here is no constitutional right not to be prosecuted without probable cause," and a plaintiff cannot "state a section 1983 claim simply by showing that he was wrongly prosecuted." *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 683 (7th Cir. 2007). Rather, a plaintiff "must establish that he was deprived of a specific constitutional right, such as the right to a fair trial." *Id*.

Freeman tries to pigeonhole his malicious prosecution claim into a specific constitutional provision by invoking (for the first time on appeal) the Fourth Amendment. But there are no allegations in Freeman's amended complaint of a fourth amendment violation besides the allegation that he was arrested without probable cause, and we rejected the idea in *Newsome v. McCabe* that a false arrest claim may be

repackaged as a claim for malicious prosecution.  *See Newsome*, 256 F.3d at 750-51.
Absent further allegations of constitutional deprivation, which Freeman's amended
complaint does not provide, Freeman has no actionable claim.

III.

The district court properly dismissed Freeman's timely claims against Guy on the
basis of prosecutorial immunity.  Freeman's failure to allege any sort of municipal
policy or practice dooms his claims against the City that were not time-barred.  And
Freeman's malicious prosecution claims fail for the additional reason that Freeman did
not allege that he was deprived of any specific constitutional right during each
prosecution.  Accordingly, the judgment of the district court is AFFIRMED.