[No. C056561. Third Dist. Oct. 9, 2009.]

MARLO KINSEY, Plaintiff and Appellant, v.
UNION PACIFIC RAILROAD COMPANY, Defendant and Respondent.

COUNSEL

Hildebrand, McLeod & Nelson, Inc., and John Furstenthal for Plaintiff and Appellant.

Randolph Cregger & Chalfant, Joseph P. Mascovich, Adrian L. Randolph, Michael L. Johnson and Brian W. Plummer for Defendant and Respondent.

OPINION

**NICHOLSON, Acting P. J.**—Following trial of this action brought pursuant to the federal Employers' Liability Act[1] (FELA), the jury returned a verdict against plaintiff Marlo Kinsey and in favor of his employer, defendant Union Pacific Railroad Company.

Prior to trial, plaintiff had rejected defendant's offer to compromise pursuant to Code of Civil Procedure section 998. After judgment was ultimately entered in defendant's favor, the court awarded defendant its costs, including expert witness fees of more than $142,000.[2]

Plaintiff appeals from the postjudgment order awarding expert witness fees as costs to defendant. In his original appellant's opening brief, plaintiff separately challenged the fee award as to individual expert witnesses; defendant responded that each award was appropriate under California law, and urged us to affirm the cost award.

Following oral argument before this court, we vacated the submission of the case and requested supplemental briefing on the following question: "Is Union Pacific entitled to an award of costs pursuant to federal law? If not, does that affect the recovery of costs under state law? (See Fed. Rule[s] of Civil Proc.[, rule] 68; *Delta Air Lines[, Inc.] v. August* (1981) 450 U.S. 346

---

[1] See title 45 United States Code section 51 et seq.

[2] Plaintiff's reference in his supplemental brief to an award of $216,726.40 appears to be an error.

[67 L.Ed.2d 287, 101 S.Ct. 1146]; *Miller v. Union Pacific [Railroad Co.]* (2007) 147 Cal.App.4th 451 [53 Cal.Rptr.3d 893].)"

For reasons that follow, we reverse that portion of the cost award that allowed defendant to recover expert witness fees as costs and remand for further proceedings.

As we explained in *Miller v. Union Pacific Railroad Co., supra*, 147 Cal.App.4th 451 (*Miller*), the availability of expert witness fees in a FELA action filed in state court is controlled by federal law. And, as we did not have occasion to consider in *Miller*, we conclude federal law does not authorize an award of expert witness fees to a defendant who has made a rejected offer of settlement and then obtains a defense verdict.

## BACKGROUND

In view of the limited legal question before us, we need not examine the underlying facts of the case. This is indeed fortunate, as the extremely limited record on appeal tells us nothing about the nature of plaintiff's injury, claim or case: it contains neither the pleadings, the Code of Civil Procedure section 998 offer, nor the reporter's transcript of the six-week jury trial. Apart from the clerk's minutes of the trial and an exhibit list, the clerk's transcript on appeal is comprised wholly of documents related to defendant's memorandum of costs, and plaintiff's motion to tax costs.

## DISCUSSION

*Because the Availability of Expert Witness Fees in a FELA*
*Action Filed in State Court Is Controlled by Federal Law,*
*Defendant Cannot Recover Expert Witness Fees*

■ "FELA is a broad remedial statute based on fault . . . and is intended by Congress to protect railroad employees by doing away with certain common law tort defenses. [Citations.]" (*Villa v. Burlington Northern and Santa Fe* (8th Cir. 2005) 397 F.3d 1041, 1045.) It "holds railroad employers liable for the injury or death of railroad employees that results, in whole or in part, from the railroad's negligence or that of its agents. [Citations.]" (*Frastaci v. Vapor Corp.* (2007) 158 Cal.App.4th 1389, 1395 [70 Cal.Rptr.3d 402].)

A FELA action may be brought in state or federal court. (*Lund v. San Joaquin Valley Railroad* (2003) 31 Cal.4th 1, 5 [1 Cal.Rptr.3d 412, 71 P.3d 770] (*Lund*); *Miller, supra*, 147 Cal.App.4th at p. 455.) When a FELA action is instituted in state court, state law governs the resolution of procedural

issues unless application of state law results in the denial of a right granted by Congress. Federal law governs the resolution of substantive issues. (*Lund, supra*, at pp. 6–7; *Miller, supra*, at p. 455.)

Applying federal law to the resolution of substantive issues in FELA cases pending in state courts furthers the statute's goal of " 'creat[ing] uniformity throughout the Union' with respect to railroads' financial responsibility for injuries to their employees." (*Norfolk & Western R. Co. v. Liepelt* (1980) 444 U.S. 490, 493, fn. 5 [62 L.Ed.2d 689, 693, fn. 5, 100 S.Ct. 755].)

In *Miller, supra*, 147 Cal.App.4th 451, we held that the availability of expert witness fees in a FELA action filed in state court is a "substantive" issue controlled by federal law.

In so doing, we noted that the United States Supreme Court has character-ized a litigant's ability to recover prejudgment interest in FELA cases as a "substantive" issue governed by federal law, because it " 'is normally de-signed to make the plaintiff whole and is part of the actual damages sought to be recovered,' " " 'may constitute a significant portion of an FELA plaintiff's total recovery,' " and may also " 'constitute[] too substantial a part of a defendant's potential liability under the FELA' " to be considered merely procedural. (*Miller, supra*, 147 Cal.App.4th at p. 456, quoting *Monessen Southwestern R. Co. v. Morgan* (1988) 486 U.S. 330, 335, 336 [100 L.Ed.2d 349, 358, 108 S.Ct. 1837] [rejecting the application of Pennsylvania law to the recovery of prejudgment interest].)

Following the Supreme Court's holding that federal law controls the availability of prejudgment interest in a state-filed FELA case, our own state high court in *Lund, supra*, 31 Cal.4th 1 likewise concluded that prejudgment interest is not available in a California FELA case, notwithstanding contrary state law. It observed that the goal of achieving national uniformity in personal injury actions by railroad employees against their employers "would be frustrated if FELA plaintiffs could recover prejudgment interest simply by filing their actions in state court rather than in federal court, where such recovery is precluded. Even if prejudgment interest could be considered procedural rather than substantive, 'state procedure must give way if it impedes the uniform application of the federal statute essential to effectuate its purpose, even though the procedure would apply to similar actions arising under state law.' [Citation.]" (*Lund, supra*, 31 Cal.4th at p. 15.)

In *Miller, supra*, 147 Cal.App.4th 451, this court applied the same reason-ing to the availability of expert witness fees as costs in a FELA case brought in state court. (147 Cal.App.4th at pp. 457–458.) Like the Pennsylvania law at issue in *Monessen* and the California Civil Code section at issue in *Lund*,

Code of Civil Procedure section 998 is "designed to encourage pretrial settlement by permitting plaintiffs additional recovery if certain conditions are satisfied." (*Miller, supra,* at p. 458, fn. omitted.)

State procedure must give way to federal law in FELA cases, we wrote in *Miller,* if it impedes the goal of national uniformity: "If a prevailing plaintiff w[ere] allowed to recover expert witness fees in a FELA action filed in state court, those fees may constitute a significant part of a FELA defendant's total liability. Here, for example, Union Pacific's total liability would have been increased by approximately $73,000 had Miller's claim for expert witness fees been granted. Just as prejudgment interest 'constitutes too substantial a part of a defendant's potential liability under the FELA' to accept classification of a state rule for prejudgment interest as a local rule of procedure [citation], expert witness fees under [Code of Civil Procedure] section 998 constitute too substantial a part of a defendant's potential liability under the FELA to accept Miller's classification of [Code of Civil Procedure] section 998 as a state rule of procedure." (*Miller, supra,* 147 Cal.App.4th at p. 458, fn. omitted, citing *Monessen Southwestern R. Co. v. Morgan, supra,* 486 U.S. at p. 336 and *Lund, supra,* 31 Cal.4th at p. 15.)

*Miller* involved a prevailing plaintiff, whose offers to compromise pursuant to Code of Civil Procedure section 998 were rejected by Union Pacific, and who thereafter prevailed at trial and obtained a recovery greater than his settlement offer. Consequently, our analysis is couched in terms of whether federal law authorizes an award of expert witness fees to "a prevailing plaintiff" in a FELA action. (*Miller, supra,* 147 Cal.App.4th at p. 459.)

We answered that question in the negative, noting that FELA has been amended many times, and Congress has never included a provision concerning recovery of expert witness fees. "[H]ad Congress intended to enact legislation permitting a prevailing plaintiff in a FELA action to recover expert witness fees, it could have done so. [Citation.] Against this backdrop, we refuse to impute to Congress an intent to make available expert witness fees to a prevailing plaintiff under the FELA." (*Miller, supra,* 147 Cal.App.4th at p. 459.) Accordingly, we concluded the trial court had properly refused to award expert witness fees to prevailing plaintiff Miller. (*Ibid.*)

Starting from our holding in *Miller* that the availability of expert witness fees in a FELA action filed in state court is controlled by federal law, we now consider whether Union Pacific, the prevailing *defendant* in this FELA case, was entitled to recover expert witness fees as costs.[3]

---

[3] We decline defendant's invitation to consider this legal question waived because plaintiff failed to raise it in the trial court or in his first round of briefing on appeal. (See *Resolution Trust Corp. v. Winslow* (1992) 9 Cal.App.4th 1799, 1810–1811 [12 Cal.Rptr.2d 510].)

The answer to that question is "no."

The recovery of postoffer costs under federal law is governed by rule 68 of the Federal Rules of Civil Procedure (28 U.S.C.) (rule 68). (See *Delta Air Lines, Inc. v. August, supra*, 450 U.S. 346 (*Delta*).)

Rule 68 provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms . . . ." (Rule 68(a).) Its provisions govern the mechanism of acceptance and rejection of such offers of judgment. As relevant to this appeal, rule 68(d), entitled "Paying Costs After an Unaccepted Offer," states: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

■ The text of the rule itself directs that rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff." (*Delta, supra*, 450 U.S. at p. 352.) As the United States Supreme Court has explained, not only does the plain language of the rule compel this conclusion (*ibid.*) but "the state rules upon which Rule 68 was modeled, the cases interpreting those rules, and the commentators' view of the Rule are all consistent with, and in fact compel, our reading of its plain language" (*Delta, supra*, at pp. 360–361).

Following the *Delta* decision, other federal courts have also acknowledged that the effect of rule 68 is to allow a defendant to recover postoffer costs only when a plaintiff/offeree obtains an award that is less than the offer of judgment, and *not* when the plaintiff/offeree loses the suit in its entirety. (E.g., *Park Manor, Ltd. v. U.S. Dept. of HHS* (7th Cir. 2007) 495 F.3d 433, 437; *Gil de Rebollo v. Miami Heat Associations, Inc.* (1st Cir. 1998) 137 F.3d 56, 66; *Sullivan v. Greenwood Credit Union* (D.Mass. 2007) 499 F.Supp.2d 83, 89; *Pittari v. American Eagle Airlines* (W.D.Ark. 2007) 243 F.R.D. 317, 318.)

■ Here, the judgment was not "finally obtain[ed]" by the *offeree* following an unaccepted offer of "a party defending against a claim," as used by the language of rule 68; rather, judgment was finally obtained by the *offeror*, defendant. Thus, and as the parties both acknowledge in their supplemental briefing, federal law does not allow a prevailing defendant to recover postjudgment costs.[4]

---

[4] But see *Miller, supra*, 147 Cal.App.4th at page 459 ("there is federal law permitting recovery of costs by a prevailing defendant whose offer to compromise was rejected by the plaintiff (Fed. Rules Civ. Proc., rule 68, 28 U.S.C.), that rule 'has no application to offers made by the plaintiff' "). For our part, we must acknowledge that this dictum in *Miller* was mistaken.

Accordingly, we find the trial court erred in allowing defendant to recover expert witness fees as postjudgment costs, and that portion of the cost award must be reversed.

For its part, defendant asks on appeal that we remand the matter to the trial court, so that it may seek to recover as costs "ordinary witness fees for its experts who testified at trial." (See Code Civ. Proc., § 1033.5; Evid. Code, § 733; Gov. Code, § 68093.) Plaintiff does not dispute that defendant is entitled to seek ordinary witness fees as costs for those of its experts who testified at trial. We remand the matter to the trial court for that limited purpose.

## DISPOSITION

The court's order allowing defendant to recover expert witness fees as costs is reversed, and the cause remanded with instructions to allow and consider a memorandum of costs by defendant seeking ordinary witness fees in a manner consistent with this opinion. Otherwise, the judgment is affirmed. Each side shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

Robie, J., and Morrison, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.