[Civ. No. 22880. Fourth Dist., Div. One. Jan. 12, 1981.]

NORA PEARL BERGAN, Plaintiff and Appellant, v.
ELDON L. BERGAN, Defendant and Respondent.

**COUNSEL**

Fred U. Hammett, Jr., for Plaintiff and Appellant.

James S. Duberg for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Nora Pearl Bergan appeals an order quashing service of summons on Eldon L. Bergan.

Nora and Eldon were married in 1956 and separated in June 1978. They lived in California throughout the marriage, and their five children were born in this state. When they separated Eldon moved to Utah until November 1979. He then moved to Arizona, where he now lives.

In July 1978 Nora petitioned for dissolution of the marriage. Eldon did not respond, and an interlocutory judgment of dissolution was entered against him by default. Among other things, the judgment requires him to pay child and spousal support totaling $1,000 per month. The final judgment of dissolution, incorporating the interlocutory judgment without change, was entered at Eldon's request on May 4, 1979. There is no dispute about the court's jurisdiction over Eldon in the dissolution.

Eldon has made none of the support payments required by the judgment. In early 1979, Nora brought contempt proceedings in which the court determined the arrearages had already amounted to more than $5,400. As a result of Eldon's refusal to pay, Nora was forced to institute proceedings to attach his military pension, and she has been receiving about $400 per month from this source since June 1979. Nora alleges the accrued arrearages and other amounts due her under the judgment now exceed $20,000.

In an attempt to secure effective enforcement of the judgment of dissolution, Nora has now filed this civil action, alleging Eldon's failure to make support payments and seeking an ordinary money judgment for the accrued arrearages. Eldon was personally served in Arizona. He appeared specially and moved to quash service, contending the court lacked personal jurisdiction over him because his contacts with California were insufficient to make out-of-state service on him effective. ■ ■■■ The trial court granted his motion and Nora appeals.[1]

■ Under section 410.10 of the Code of Civil Procedure, a California court may exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." The statute expresses an intent to permit the exercise of the broadest possible jurisdiction, subject only to constitutional limitations (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 445 [128 Cal.Rptr. 34, 546 P.2d 322]). The basic constitutional restriction on the exercise of jurisdiction over a nonresident defendant is the requirement of sufficient "minimum contacts" between the defendant and the forum state to make it fair to require him to defend the lawsuit there. (*Kulko* v. *California Superior Court* (1978) 436 U.S. 84, 92 [56 L.Ed.2d 132, 141, 98 S.Ct. 1690, 1697]; *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 101-102, 66 S.Ct. 154, 158, 161 A.L.R. 1057].) In determining whether sufficient contacts exist in a particular case, the court may consider: (1) the nature of the defendant's activities in the forum state; (2) whether the cause of action asserted against him is substantially connected with those activities; (3) the convenience of the parties; and (4) the state's interest in asserting jurisdiction (*Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 148 [127 Cal.Rptr. 352, 545 P.2d 264]). Nevertheless, the crucial inquiry is whether, in view of the defendant's forum-related activities, it is reasonable and fair to require him to conduct his defense there (*Kulko* v. *California Superior Court, supra*, 436 U.S. 84, 92 [56 L.Ed.2d 132, 141, 98 S.Ct. 1690, 1697]).

■ Here California is both a reasonable and a fair forum for this action arising from the parties' marriage and its dissolution. California was the marital domicile. All the children of the marriage were born here. The marriage was dissolved here. The judgment of dissolution

---

[1]At the hearing, the court questioned whether Nora's action was an appropriate method of enforcing the support provisions of the judgment of dissolution. However, in deciding a *motion to quash* service, the court may not make any determination of the merits of the complaint; the motion raises only the question of jurisdiction over the defendant (*Nelson* v. *Horvath*, 4 Cal.App.3d 1, 4-5 [84 Cal.Rptr. 101]).

which Nora now seeks to enforce is a California judgment arising from Eldon's activities and obligations created in California. Eldon does not dispute the validity of the judgment of dissolution. Indeed, he himself requested entry of the final judgment creating the permanent support obligations. The superior court has continuing jurisdiction over him in the dissolution proceeding, for purposes of enforcing the support provisions of the judgment. There is no unfairness to Eldon in requiring him to appear in this action when he could be required to defend enforcement proceedings in the dissolution.

The order is reversed.

Work, J., and Kilgarif, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.