[No. A023806. First Dist., Div. One. Nov. 21, 1986.]

MARY L. TARVIN, Plaintiff and Appellant, v.
ALBERT L. TARVIN, Defendant and Respondent.

58

**COUNSEL**

Dolly Ares for Plaintiff and Appellant.

John T. Ball, David G. Bicknell, Arthur V. Plank, Elizabeth C. Smith, Adams, Ball, Wenzel & Kilian, Adams, Wenzel, Plank & Bicknell and Adams, Wenzel & Plank for Defendant and Respondent.

**OPINION**

**RACANELLI, P. J.**—Following the Supreme Court's order of transfer with directions, we again consider the question whether the California court has personal jurisdiction over a nonresident husband for purposes of dividing an omitted community property asset—husband's military pension. We con-

clude under the circumstances shown here that no personal jurisdiction existed. We affirm.

## FACTS

Husband and wife were married in 1948. During their 22-year marriage husband was an officer in the U.S. Air Force, and the couple lived in many places. In 1971, while temporarily stationed in California, husband filed a petition for dissolution of the marriage as a California resident. Neither the petition nor the interlocutory decree made any mention of husband's military retirement pension.

In 1983 wife filed a separate action to partition the omitted asset. Husband made a special appearance to contest the jurisdiction of the California court. Husband declared that he left California in 1973 and had been a resident of Maryland since 1980; that he had no other contact with California; and that his pension is administered in Denver, Colorado, although the pension trust fund itself is located in Washington, D.C.

Wife appeals from the order granting husband's motion to quash service.

## DISCUSSION

■ There is no dispute that federal military pension benefits may constitute divisible community assets.[1] (*In re Marriage of Fithian* (1974) 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449], cert. den., 419 U.S. 825 [42 L.Ed.2d 48, 95 S.Ct. 41].) ■ And under settled principles of California community property law, such military pension benefits left unadjudicated in a dissolution action are held by the parties as tenants in

---

[1]At the time of the parties' 1971 dissolution, retirement benefits attributable to employment during marriage constituted a community asset to the extent they had vested. (*Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32 [89 Cal.Rptr. 61, 473 P.2d 765]; *Benson* v. *City of Los Angeles* (1963) 60 Cal.2d 355 [33 Cal.Rptr. 257, 384 P.2d 649]; see also *Waite* v. *Waite* (1972) 6 Cal.3d 461 [99 Cal.Rptr. 325, 492 P.2d 13].) Nonvested pension rights were considered a mere expectancy not subject to division. (*French* v. *French* (1941) 17 Cal.2d 775, 778 [112 P.2d 235] [husband needed 14 more years of service to be eligible for retirement pay]; *Williamson* v. *Williamson* (1962) 203 Cal.App.2d 8, 11 [21 Cal.Rptr. 164] [husband had not completed the necessary 20 years of service to be eligible to retire].) But a pension was considered vested if the working spouse was eligible for retirement even though he had not yet elected to retire. (*Bensing* v. *Bensing* (1972) 25 Cal.App.3d 889, 892-893 [102 Cal.Rptr. 255] [husband with 28 years in the Air Force was fully eligible to retire but chose to continue working]; see also *In re Marriage of Martin* (1975) 50 Cal.App.3d 581, 584 [123 Cal.Rptr. 634]; *In re Marriage of Peterson* (1974) 41 Cal.App.3d 642, 647-652 [115 Cal.Rptr. 184].)

In the present case, husband had 22 years of service in the Air Force at the time of the dissolution decree. His retirement benefits were vested and a community asset subject to division.

common subject to partition in a later civil action. (*Henn* v. *Henn* (1980) 26 Cal.3d 323, 330 [161 Cal.Rptr. 502, 605 P.2d 10].)

■ Ordinarily, a court has jurisdiction to award title to a husband's pension rights if the court has either personal jurisdiction over him or in rem jurisdiction over the intangible pension rights. (*Waite* v. *Waite, supra,* 6 Cal.3d 461.) But under the Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA, 10 U.S.C. § 1408), jurisdiction to divide federal military pension benefits is now limited: jurisdiction must be acquired on the basis of the military spouse's residence (other than by reason of military assignment), domicile or consent. (10 U.S.C. § 1408(c)(4).)[2]

■ Wife contends jurisdiction may be exercised in the present proceeding because the jurisdiction of the California court acquired in the 1971 divorce proceeding continues unabated. Wife is mistaken.

Unquestionably, the California court had personal jurisdiction over husband in the *dissolution* action. By bringing the action, he submitted himself to the jurisdiction of the court for the purposes of that proceeding. (*Mikulski* v. *Mikulski* (1969) 2 Cal.App.3d 1047, 1051 [83 Cal.Rptr. 15]; *Maloney* v. *Maloney* (1944) 67 Cal.App.2d 278, 280 [154 P.2d 426].) But after a final judgment is rendered, the court's jurisdiction over the parties or the cause of action ordinarily terminates. (See 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 336, p. 755.)

In matters of child custody, child support or spousal support, the court does retain continuing jurisdiction to modify the awards even if the other spouse is no longer residing in this state. (Code Civ. Proc., § 410.50, subd. (b); *Bergan* v. *Bergan* (1981) 114 Cal.App.3d 567, 570 [170 Cal.Rptr. 751]; *Leverett* v. *Superior Court* (1963) 222 Cal.App.2d 126 [34 Cal.Rptr. 784].) Arguing by analogy to those cases, wife contends that California courts have similar continuing jurisdiction to divide the omitted community property. The analogy is inapt. Property rights are not treated in the same manner as continuing custody and support issues. Once a dissolution decree has become final, the court has no further jurisdiction to modify the terms of judgment regarding property rights. (*In re Marriage of Davis* (1980) 113 Cal.App.3d 485, 487 [169 Cal.Rptr. 863]; *Bodle* v. *Bodle* (1978) 76 Cal.App.3d 758, 767 [143 Cal.Rptr. 115]; *In re Marriage of Cobb* (1977)

---

[2]FUSFSPA was enacted to abrogate the holding of *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728]. Subsection (c)(4) was apparently included in the legislation in response to concerns about "forum-shopping" spouses who might seek to divide the military pension in a state lacking substantial contacts with the pensioner. (See H.Conf.Rep. No. 97-749 and Sen.Rep. No. 97-502, 2d Sess., reprinted in 1982 U.S. Code Cong. & Admin. News, No. 3, at pp. 1571, 1603-1604, 1635, 1639-1640.)

68 Cal.App.3d 855, 860, fn. 1 [137 Cal.Rptr. 670]; see *Miller* v. *Miller* (1981) 117 Cal.App.3d 366, 371 [172 Cal.Rptr. 745].)

The underlying lawsuit for division of community property is a wholly separate and independent action, not a subsequent proceeding within the original dissolution action. (*Henn* v. *Henn, supra,* 26 Cal.3d 323, 330-332; *In re Marriage of Davis, supra,* 113 Cal.App.3d 485.) Consequently, the trial court has no authority to render a personal judgment against defendant-husband unless jurisdiction again attaches. (See *Kumar* v. *Superior Court* (1982) 32 Cal.3d 689, 703-704 [186 Cal.Rptr. 772, 652 P.2d 1003] [father's California habeas petition to establish visitation rights did not provide personal jurisdiction in separate action for child support].)

Nor can the FUSFSPA requirement of domicile or residency be met by looking at the defendant-husband's *past* residency. As our high court cautioned: "the mere fact of past domicile in the state would not subject [the defendant] to its jurisdiction indefinitely, for a past domicile having no relationship to the litigation at hand would not afford a reasonable basis for an assertion of jurisdiction." (*Owens* v. *Superior Court* (1959) 52 Cal.2d 822, 829 [345 P.2d 921].)

Here, the only connection between husband's past residency in California and the pending partition action is remote and indirect: in the California dissolution action, husband failed to list his military pension as a community asset. But wife, too, omitted the asset. Moreover, husband's pension rights did not mature during his brief California residency. Husband's past domicile cannot subject him to California's jurisdiction now.

In summary, wife's present action is a separate and independent action for which jurisdiction must be newly acquired. None of the jurisdictional grounds specified in FUSFSPA apply here: at the time the partition action was filed, husband neither consented to California's jurisdiction nor resided in the state. We conclude that the order quashing service was properly granted.

The order appealed from is affirmed.

Newsom, J., and Holmdahl, J., concurred.