[No. H032027. Sixth Dist. Sept. 25, 2008.]

BRYAN SHISLER et al., Plaintiffs and Appellants, v.
SANFER SPORTS CARS, INC., Defendant and Appellant.

COUNSEL

California Lemon Lawyers and Scott R. Kaufman for Plaintiffs and Appellants.

Harrington, Foxx, Dubrow & Canter and Henry A. Wirta, Jr., for Defendant and Appellant.

OPINION

**PREMO, Acting P. J.**—If a trial court grants a motion to quash service of summons due to lack of personal jurisdiction over a foreign defendant, does the court have jurisdiction thereafter to rule upon that defendant's motion for attorney fees? We conclude that it does.

I. *BACKGROUND*

Plaintiffs Bryan and Shelley Shisler are California residents. In or about June 2004, plaintiffs saw a car they liked on a Web site maintained by defendant Sanfer Sports Cars, Inc., a Florida corporation. Plaintiffs bought the car and had it shipped to California from defendant's place of business in Florida. When the car arrived, plaintiffs found it was not what they had expected. They sued defendant in California. Plaintiffs' complaint contained causes of action for fraud, violation of California's Consumers Legal Remedies Act (CLRA) (Civ. Code, § 1750 et seq.), and violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Fla. Stat., § 501.201 et seq.). The complaint specified that the "action will be governed by Florida substantive law."

Defendant moved to quash service of summons for lack of personal jurisdiction and the trial court granted the motion. After plaintiffs unsuccessfully appealed that order (see *Shisler v. Sanfer Sports Cars, Inc.* (2006) 146 Cal.App.4th 1254 [53 Cal.Rptr.3d 335]), defendant, appearing specially, filed a motion for attorney fees under the CLRA and the FDUTPA. The trial court granted that motion on May 24, 2007, awarding defendant attorney fees of $34,492.

On June 14, 2007, plaintiffs filed a "motion to vacate" the attorney fees order. Plaintiffs argued that since the trial court lacked jurisdiction over defendant the court had no jurisdiction to rule on defendant's attorney fees motion, making the attorney fees order void on its face. The trial court rejected the argument. In an order dated August 9, 2007, the trial court ruled that the motion was actually an untimely motion for reconsideration of the

attorney fees order and, in any event, that the court did have jurisdiction to make the fee award. The trial court's order did not elaborate upon either conclusion. Plaintiffs filed a notice of appeal on September 4, 2007.

Plaintiffs make two arguments on appeal: (1) The trial court lacked jurisdiction to make the attorney fees order and (2) defendant was not entitled to attorney fees under either the CLRA or the FDUTPA. In response, defendant argues, among other things, that plaintiffs' motion to vacate was really a motion for reconsideration and, as such, is not appealable. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 968–969 [67 Cal.Rptr.3d 818].)

We conclude that plaintiffs have timely appealed from appealable orders. We reject plaintiffs' arguments on the merits and affirm the orders.

II. *APPEALABILITY*

■ The threshold question is whether plaintiffs have appealed from an appealable order. We disagree with defendant's argument that plaintiffs' motion to vacate should be characterized as a nonappealable motion for reconsideration. Plaintiffs did not style their motion as one for reconsideration. Rather, plaintiffs specified that the motion was brought pursuant to Code of Civil Procedure section 473, subdivision (d).[1] Section 473, subdivision (d) allows for a motion to "set aside any void judgment or order." Since plaintiffs specified that the motion was a motion to vacate under section 473, subdivision (d) and argued only that the attorney fees order was void on its face, the motion is properly considered a motion to vacate. An order denying a statutory motion to vacate under section 473 is appealable. (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 [72 Cal.Rptr.2d 188].) Similarly, an order denying a motion to vacate a void judgment is also appealable. (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691 [62 Cal.Rptr.2d 884]; *Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933–934 [60 Cal.Rptr.3d 196].) Since a judgment or order that is void on its face is subject to attack at any time (*Sindler v. Brennan* (2003) 105 Cal.App.4th 1350, 1353 [129 Cal.Rptr.2d 888]), plaintiffs' motion was timely. Furthermore, since it was filed within the time allowed for appeal from the attorney fees order, plaintiffs have preserved their right to challenge the substance of that order as well. (Cal. Rules of Court, rule 8.108(c).)[2]

---

[1] Further unspecified section references are to the Code of Civil Procedure.

[2] California Rules of Court, rule 8.108(c) provides: "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk mails,

III. DISCUSSION

A. *Standard of Review*

The question of a trial court's jurisdiction is a pure question of law, as is the determination of the legal basis for an award of attorney fees. Accordingly, both issues are subject to our independent review. (*Conservatorship of Kane* (2006) 137 Cal.App.4th 400, 405 [40 Cal.Rptr.3d 378]; *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 801 [35 Cal.Rptr.2d 418, 883 P.2d 960]; *Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677 [101 Cal.Rptr.2d 127].)

B. *Jurisdiction to Entertain the Attorney Fees Motion*

 Plaintiffs argue that once a motion to quash is granted, the moving party cannot recover fees and costs since the court no longer has jurisdiction to review the merits of the underlying action. It is true that once a motion to quash is granted the court may not review the merits of the underlying action, at least as far as they pertain to the defendant that prevailed on the motion to quash. (See *Nelson v. Horvath* (1970) 4 Cal.App.3d 1 [84 Cal.Rptr. 101]; *Bergan v. Bergan* (1981) 114 Cal.App.3d 567 [170 Cal.Rptr. 751].) But it does not necessarily follow that the lack of power to rule on the merits of the lawsuit deprives the trial court of jurisdiction to rule upon a collateral motion for attorney fees. *Gutting v. Globe Indemnity Co.* (1931) 119 Cal.App. 288, 289 [6 P.2d 298], upon which plaintiffs rely, is not to the contrary. In *Gutting*, the plaintiff's case was dismissed for lack of subject matter jurisdiction. The trial court lacked jurisdiction to award costs since it had no power to rule at all. (*Ibid.*) The present case concerns personal jurisdiction, not subject matter jurisdiction.

The absence of personal jurisdiction is much different than the absence of subject matter jurisdiction. The lack of subject matter jurisdiction is a jurisdictional defect of the fundamental type. A trial court lacks jurisdiction in the fundamental sense where there is "an entire absence of power to hear or determine the case." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942].) "[P]ersonal jurisdiction relates to the power to bind

---

or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or [¶] (3) 180 days after entry of judgment."

The Advisory Committee Comment to rule 8.108(c) mentions the statutory motions to vacate a judgment (§§ 663, 663a, 473, subd. (b)) and nonstatutory motions, such as when the judgment is void on the face of the record, and clarifies that subdivision (c) is intended to apply to all such motions. (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2008 pocket supp.) foll. rule 8.108, p. 70.) Plaintiffs' motion clearly falls within the category of motions to which rule 8.108(c) applies.

a particular *party*, and depends on the party's presence, contacts, or other conduct within the forum state." (*Donaldson v. National Marine, Inc.* (2005) 35 Cal.4th 503, 512 [25 Cal.Rptr.3d 584, 107 P.3d 254].)

There is no dispute that the trial court had jurisdiction over the subject matter of plaintiffs' complaint. The sole jurisdictional issue involved the power of the courts in California to make an order or enter a judgment that would be binding upon this Florida defendant. Plaintiffs argue that resolution of that issue in favor of defendant deprived the court of the power to entertain defendant's motion for fees. But plaintiffs offer no authority to support the argument. Indeed, no case of which we are aware has expressly considered the jurisdictional question plaintiffs have raised here. One appellate court has recently affirmed an award of attorney fees to a defendant who had successfully moved to quash service for lack of personal jurisdiction. (*Profit Concepts Management, Inc. v. Griffith* (2008) 162 Cal.App.4th 950, 955–956 [76 Cal.Rptr.3d 396].) The holding implicitly recognized that the trial court had jurisdiction to make that order but the issue was not explicitly considered.

█ Defendant argues that principles of fairness warrant the exercise of jurisdiction over attorney fees motions such as the one before us. Defendant's argument certainly has intuitive appeal. It seems eminently unfair to allow a plaintiff to sue an out-of-state defendant in California, force that defendant to incur the expense required to quash service, then preclude that defendant from collecting attorney fees that would be available had the defendant prevailed on the merits of the case. In our view, a defendant does not forfeit a collateral right to attorney fees by choosing to assert the right to challenge the court's in personam jurisdiction.

There is no case directly contrary to our view. An analogous case is *Frank Annino & Sons Construction, Inc. v. McArthur Restaurants, Inc.* (1989) 215 Cal.App.3d 353 [263 Cal.Rptr. 592] (*Frank Annino*), in which the plaintiffs had dismissed the defendant from the case just before the defendant's summary judgment motion was to be heard. The trial court granted the defendant's subsequent motion for sanctions under section 128.5, rejecting the plaintiffs' argument that the defendant was no longer a party and could not file a motion for sanctions. The appellate court held that, although the general rule is that once a party is dismissed from an action the court lacks jurisdiction to conduct any further proceedings as to him, "courts have carved out a number of exceptions to this rule in order to give meaning and effect to a former party's statutory rights. Even after a party is dismissed from the action he may still have collateral statutory rights which the court must determine and enforce. These include the right to statutory costs and attorneys fees and the right to notice and hearing on a motion to set aside the dismissal." (*Frank Annino, supra*, at p. 357.)

*Berard Construction Co. v. Municipal Court* (1975) 49 Cal.App.3d 710, 715–716 [122 Cal.Rptr. 825] (*Berard*), stated that a trial court had no power to award attorney fees when the defendant had prevailed on a motion to quash service. But the case is not on point. *Berard* was decided under Civil Code former section 1717, which allowed fees only to "the party in whose favor final judgment is rendered." (Civ. Code, former § 1717; Stats. 1968, ch. 266, § 1, p. 578.) According to *Berard*, since quashing of service did not result in a dismissal of the case, the defendant was not entitled to fees since there was no final judgment in his favor. (*Berard, supra,* at p. 716.) Thus, the holding was based upon the defendant's statutory entitlement to fees following a motion to quash and not upon the court's inherent power to rule on such a motion, which is the issue before us.[3]

Interestingly, a close reading of *Berard* actually supports the conclusion that the trial court had jurisdiction to rule upon the attorney fees motion. In *Berard*, the defendant had made a motion to quash for lack of personal jurisdiction and a motion to dismiss for inconvenient forum and included with the motions a request for attorney fees under Civil Code section 1717. (*Berard, supra,* 49 Cal.App.3d at pp. 712–713.) Although a defendant could make either of the underlying motions without making a general appearance (§ 418.10, subd. (a)(1), (2)), the trial court held that by also including the attorney fees request, the defendant had made a general appearance. The appellate court disagreed with that conclusion. "The application [for attorney fees] is no more inconsistent with the concept of special appearance than is the main motion, which is statutorily deemed not a general appearance. It would, moreover, defeat the purpose of that statutory exemption to hold that defendants may claim statutory rights appurtenant thereto only by surrendering their basic rights thereunder." (*Berard, supra,* at p. 717.)

■ Under *Berard*, therefore, defendant's motion for attorney fees did not amount to a general appearance. It was a special appearance to claim statutory rights arising as a result of defendant's having succeeded on the motion to quash. Accepting plaintiffs' jurisdictional argument would mean requiring defendant to abandon its right to challenge personal jurisdiction in order to claim the rights accorded a prevailing defendant under the CLRA or FDUTPA. Not only would such a result be unfair, basic jurisdictional principles do not demand it. There is no question that the trial court had the inherent power to rule upon the subject of the lawsuit, the motion to quash, and the attorney fees motion. The court also had personal jurisdiction over *plaintiffs*. Since the order awarding fees to defendant did not compel any act

---

[3] The "final judgment" requirement of Civil Code former section 1717 has been deleted. (Stats. 1981, ch. 888, § 1, p. 3399.) The section now provides that the court "shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment." (Civ. Code, § 1717, subd. (b)(1).)

or impose any liability upon *defendant*, the order does not purport to exercise jurisdiction over defendant's person. Rather, the order imposes the liability upon plaintiffs.

In conclusion, we note that defendant was put to great expense in preparing to meet the challenge plaintiffs raised in California. If, as the prevailing party, defendant had a right to fees under either the CLRA or the FDUTPA, that right arose as the result of defendant's having prevailed on the motion to quash and was collateral to it. Since the trial court had jurisdiction of the subject matter and jurisdiction over plaintiffs, there was no jurisdictional impediment to defendant's specially appearing to call upon the trial court to enforce its statutory right to fees. The resulting order is not void.

### C. The Statutory Basis for the Attorney Fees Award

#### 1. Attorney Fees Under the CLRA

In making the attorney fees award, the trial court did not specify whether it was making the award under the CLRA or the FDUTPA, but the court did state: "I am not finding subjective bad faith." Plaintiffs maintain that, given that finding, the court's order cannot have been based upon the CLRA. We agree.

The attorney fees provision of the CLRA, Civil Code section 1780, subdivision (d), provides: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." *Corbett v. Hayward Dodge, Inc.* (2004) 119 Cal.App.4th 915, 924 [14 Cal.Rptr.3d 741], held that this statutory provision requires the trial court to find that the plaintiff proceeded in subjective bad faith before it may award fees to a prevailing defendant. Since the trial court in this case specified that it found *no* subjective bad faith, the award could not have been based upon the CLRA.

Defendant maintains that the record demonstrates, contrary to the trial court's express finding, that plaintiffs prosecuted this lawsuit in bad faith. But the purely legal question plaintiffs have raised is whether, given the undisputed fact that the trial court made the finding of no bad faith, the court could have relied upon the CLRA to make the attorney fees award. We have answered that question in the negative. In any event, we need not reach defendant's factual argument pertaining to the CLRA since, as we shall explain, defendant is entitled to its award under the FDUTPA.

### 2. *Fees Under the FDUTPA*

Plaintiffs argue that the FDUTPA does not allow a defendant to recover attorney fees unless the defendant obtains a judgment *on the merits*. Plaintiffs provide no authority to support this argument.

■ Florida Statutes section 501.2105, subdivision (1) states: "In any civil litigation resulting from an act or practice involving a violation of [the FDUTPA], except as provided in subsection (5) [applying to litigation initiated by an enforcing authority], the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." There is nothing in this statute that expressly requires judgment on the *merits*. It is true that in the cases plaintiffs cite the prevailing party had prevailed at trial on the merits. (*Ghodrati v. Miami Paneling Corp.* (Fla.Dist.Ct.App. 2000) 770 So.2d 181; *Heindel v. Southside Chrysler-Plymouth, Inc.* (Fla.Dist.Ct.App. 1985) 476 So.2d 266.) But neither case stands for the proposition that judgment in favor of the defendant must be on the merits in order to warrant an attorney fees award. Indeed, Florida law seems to be otherwise. (See *Big Tomato v. Tasty Concepts, Inc.* (S.D.Fla. 1997) 972 F.Supp. 662, 664, fn. 1, stating, "A defendant who prevails in a motion to dismiss based on lack of standing is a 'prevailing party' for the purposes of [Fla. Stat.,] § 501.2105.")

■ The Florida statute states that fees may be awarded "after judgment in the trial court and exhaustion of all appeals . . . ." (Fla. Stat., § 501.2105, subd. (1).) The "culmination of the appellate process" is a necessary prerequisite to determination of the prevailing party for purposes of the attorney fees award. (*M.G.B. Homes, Inc. v. Ameron Homes, Inc.* (11th Cir. 1994) 30 F.3d 113, 115.) In this case, the order granting the motion to quash was tantamount to a final judgment as between plaintiffs and defendant (*Kneeland v. Ethicon Suture Laboratories* (1952) 113 Cal.App.2d 335, 337 [248 P.2d 447]) and plaintiffs had exhausted the appellate process. Accordingly, defendant was the prevailing party under the FDUTPA.

■ Finally, plaintiffs argue that the trial court could not have relied upon the Florida law since attorney fees statutes are "procedural" in nature and California courts may not follow procedural law from a foreign jurisdiction. Plaintiffs have not explained why they believe the statute to be procedural, nor have they supplied any authority for the assertion. Indeed, the law is otherwise. "As defined in the case law, the terms 'practice' and 'procedure' include the mode of procedure by which a legal right is enforced as distinguished from the substantive law which gives or declares the right." (*World Wide Imports, Inc. v. Bartel* (1983) 145 Cal.App.3d 1006, 1012 [193 Cal.Rptr. 830].) ■ Since the FDUTPA grants the right to attorney fees,

as opposed to prescribing the method for enforcing the right, the statute is clearly substantive in nature. (Cf. *Miller v. Union Pacific Railroad Co.* (2007) 147 Cal.App.4th 451, 458 [53 Cal.Rptr.3d 893] [rejecting the argument that attorney fees under section 998 is a state rule of procedure].) Since plaintiffs' lawsuit specified it would be governed by the substantive law of Florida, the trial court did not err in basing its attorney fees order on the Florida statute.

## IV. DISPOSITION

The orders of the superior court dated May 24, 2007, and August 9, 2007, are affirmed.

Elia, J., and Bamattre-Manoukian, J., concurred.