284 P.3d 23

**In re the Matter of Allan G. DAVIS, Petitioner/Appellant,**

v.

**Alice E. DAVIS, Respondent/Appellee.**

**No. 1 CA–CV 11–0687.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 16, 2012.

Warner Angle Hallam Jackson & Formanek, PLC By Erik C. Bergstrom and J. Brent Welker, Phoenix, Attorneys for Petitioner/Appellant.

Law Firm of Jessica M. Cotter, PLLC By Jessica M. Cotter, Glendale, Attorneys for Respondent/Appellee.

## OPINION

OROZCO, Judge.

¶1 Allan G. Davis (Husband) appeals from a family court order awarding a portion of his military retirement pay to Alice E. Davis (Wife). He principally argues the court erred by (1) denying his motion to dismiss for lack of personal jurisdiction and (2) awarding Wife a portion of his military retirement pay that he claims is his sole and separate property. For the reasons set forth herein, we affirm.

### PROCEDURAL AND FACTUAL HISTORY

¶2 Husband and Wife were married in 1966. In 1981, Husband filed a petition for dissolution of marriage in the Arizona family court. At that time, Husband had served approximately ten years in the military.

Wife did not respond to the petition and the court entered a default decree of dissolution on July 29, 1981. The decree did not apportion or otherwise address Husband's military retirement pay.

¶3 Husband retired from the military in 1991 and began receiving military retirement pay that year.

¶4 In 2008, Wife asked the Arizona family court to award her one-half of the community property interest in Husband's military retirement pay and reimbursement for her interest in the monies Husband already received. The family court appointed a family law special master to make findings and recommendations.

¶5 In an email communication with the special master, Husband objected to Arizona's exercise of personal jurisdiction over him. The special master rejected Husband's argument and recommended that Wife receive a portion of Husband's military retirement pay. Husband then filed a motion to dismiss Wife's petition for lack of personal jurisdiction. Husband argued that he resided in Arizona due solely to a military assignment, left Arizona immediately following the entry of the decree and had not resided in Arizona since that time. Husband also filed a separate motion to dismiss for lack of subject matter jurisdiction.

¶6 The family court denied the motion to dismiss for lack of personal jurisdiction, adopted the special master's recommendations and apportioned Husband's military retirement pay. Husband filed a notice of appeal from those orders.

¶7 While Husband's appeal was pending, the family court granted his motion to dismiss for lack of subject matter jurisdiction and vacated the prior orders. Wife then appealed. We consolidated the appeals, dismissed Husband's appeal as moot, reversed the order dismissing Wife's petition for lack of subject matter jurisdiction and remanded for further proceedings. *Davis v. Davis*, 1 CA–CV 09–0487, 1 CA–CV 09–0725, 2010 WL 5059255, at *6, ¶25 (Ariz.App. Nov. 23, 2010) (mem. decision).

¶8 On remand, the family court reinstated its denial of Husband's motion to dismiss for

lack of personal jurisdiction, its adoption of the special master's recommendations and its prior apportionment of Husband's military retirement pay. Husband filed this appeal.

## DISCUSSION

¶ 9 We first address Wife's claim that Husband failed to timely file a notice of appeal from the order denying his motion to dismiss for lack of personal jurisdiction. We next consider Husband's argument that Arizona courts do not have personal jurisdiction to apportion his military retirement pay. We then consider Husband's claim that the family court erroneously awarded Wife a portion of Husband's military retirement pay. Lastly, we consider the parties' arguments regarding costs and attorney fees incurred on appeal.

*Appellate Jurisdiction*

¶ 10 Wife argues that Husband's appeal is untimely because he failed to file a timely notice of appeal from the family court's April 12, 2011 order, which reinstated the prior denial of Husband's motion to dismiss for lack of personal jurisdiction.

¶ 11 The denial of a motion to dismiss for lack of personal jurisdiction is not a final appealable order. *Northern Propane Gas Co. v. Kipps*, 127 Ariz. 522, 525, 622 P.2d 469, 472 (1980) (*citing Engle Bros., Inc. v. Superior Court*, 23 Ariz.App. 406, 407, 533 P.2d 714, 715 (1975)). Because the April 12 order merely reinstated the denial of Husband's motion to dismiss for lack of personal jurisdiction and did not reinstate the order apportioning Husband's military retirement pay or the order adopting the recommendations of the special master, the April 12 order was not a final, appealable order.[1]

¶ 12 The original orders apportioning Husband's military retirement pay and

adopting the recommendations of the special master were final, appealable orders. *See* Ariz. R. Fam. L.P. 78.A and 81.A. Husband was unable to appeal from those orders, however, because they were vacated after the court granted Husband's motion to dismiss for lack of subject matter jurisdiction. *Davis*, 1 CA–CV 09–0487, 1 CA–CV 09–0725, 2010 WL 5059255, at *2, ¶ 10. Thus, Husband was unable to appeal until those orders were reinstated following remand.[2] Husband filed a timely notice of appeal from the reinstatement order, which was a signed, final and appealable order. Accordingly, Husband's appeal is timely and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101.A.1 (Supp.2011).[3] *See Pepsi–Cola Metro. Bottling Co. v. Romley*, 118 Ariz. 565, 568, 578 P.2d 994, 997 (App.1978) (concluding that a timely appeal from a final judgment may "properly place[ ] before [this court] the propriety of all prior non-appealable orders" (citation omitted)).

*Personal Jurisdiction*

¶ 13 The Federal Uniformed Services Former Spouses' Protection Act (FSPA), 10 U.S.C. § 1408, grants state courts the authority to adjudge the rights of ex-spouses to military retirement pensions according to state law. Husband claims Arizona has no basis to exercise personal jurisdiction over him, however, because the jurisdictional requirements of the FSPA were not met in this case. The issue of personal jurisdiction is subject to de novo review. *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 29, ¶ 8, 66 P.3d 70, 72 (App.2003).

¶ 14 Ordinarily, Arizona courts have the authority to adjudge the rights of a non-resident defendant who has constitutionally adequate "minimum contacts" with the state. *Kulko v. Superior Court*, 436 U.S. 84, 91–92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Int'l*

---

1. Husband could only have sought appellate review of the order by special action. *See Engle Bros., Inc.*, 23 Ariz.App. at 407, 533 P.2d at 715. Husband filed a petition for special action review of the order, but we declined to accept special action jurisdiction.

2. Although the family court filed an earlier unsigned minute entry addressing the issue, an

unsigned minute entry is not a final, appealable order. *See* Ariz. R. Fam. L.P. 81.A. Accordingly, Husband could not appeal this matter until the court entered a signed, final order.

3. We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

*Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Arizona's relevant long-arm provision, Rule 42.A of the Arizona Rules of Family Law Procedure, reaches as far as permitted by the Due Process Clause of the Fourteenth Amendment. *Bohreer v. Erie Ins. Exch.,* 216 Ariz. 208, 211 n. 3, ¶ 8, 165 P.3d 186, 189 n. 3 (App.2007).[4]

¶ 15 Under the FSPA, however, an Arizona court may exercise jurisdiction over a spouse that is in the military only if the spouse: (1) is a resident of Arizona (other than by reason of military assignment); (2) is domiciled in Arizona; or (3) consents to personal jurisdiction. 10 U.S.C. § 1408(c)(4). Accordingly, even if Wife could establish Husband has sufficient "minimum contacts" with Arizona under Rule 42.A, such a showing may not be sufficient to establish jurisdiction under the FSPA. *See Free v. Bland,* 369 U.S. 663, 669–70, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962) (valid federal enactments preempt inconsistent state laws).

¶ 16 Unquestionably, the Arizona family court had personal jurisdiction over Husband in the dissolution action because by bringing the action, Husband submitted himself to the jurisdiction of the court for the purposes of that proceeding. *See Tarr v. Superior Court,* 142 Ariz. 349, 351, 690 P.2d 68, 70 (1984). Husband argues, however, that Wife's claim under the FSPA is a separate and independent action, not a subsequent proceeding within the original dissolution action. He contends the family court therefore lacked personal jurisdiction pursuant to the FSPA to render a judgment against him because he is neither a resident nor domiciliary of Arizona and he did not expressly consent to the exercise of Arizona jurisdiction.

¶ 17 Wife, however, claims Husband consented to personal jurisdiction in Arizona

when he: (1) initiated the dissolution proceedings in 1981; and (2) made a general appearance in the instant action and failed to timely contest personal jurisdiction. We need not determine whether Husband's initiation of the underlying dissolution proceeding constitutes "consent" to Arizona jurisdiction in the post-decree action because we determine he consented to personal jurisdiction in the postdecree proceedings by appearing, requesting affirmative relief and failing to challenge personal jurisdiction in a timely fashion.

■ ¶ 18 Generally, a party may either expressly or impliedly consent to a court's personal jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–05, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). In other words, a party may affirmatively state his consent or take such steps or seek such relief that manifest his submission to the court's jurisdiction over his person. *Id.; see also Tarr,* 142 Ariz. at 351, 690 P.2d at 70 (any act by which the defendant comes before the court and recognizes the case as pending, with the exception of a special appearance to contest jurisdiction over his person, will constitute a general appearance and subject him to the jurisdiction of the court).

¶ 19 There appears to be conflicting interpretations between states regarding the meaning of "consent" under subsection (c)(4)(C) of the FSPA. The disagreement stems from whether implied consent satisfies the requirements of subsection (c)(4)(C). While some states have rejected the theory of implied consent, others have held that implied consent satisfies the requirements of the FSPA or that the protections of the FSPA may be waived through state procedural rules.[5] Among those states accepting

---

4. *Bohreer* cites Rule 4.2(a) of the Arizona Rules of Civil Procedure. 216 Ariz. at 211 n. 3, ¶ 8, 165 P.3d at 189 n. 3. However, because Arizona Rule of Family Law Procedure 42.A is based on Arizona Rule of Civil Procedure 4.2(a), we use cases interpreting Rule 4.2(a) to guide our analysis. *See* Ariz. R. Fam. L.P. 42 cmt.; *see also* Ariz. R. Fam. L.P. 1 cmt. ("Wherever the language in these rules is substantially the same as the language in other statewide rules, the case law guide is the same language in other statewide rules, the case law

interpreting that language will apply to these rules.").

5. *Compare, e.g., In re Marriage of Akins,* 932 P.2d 863, 867–68 (Colo.App.1997) (noting the FSPA requires some form of affirmative conduct demonstrating consent to general in-personam jurisdiction other than what state procedural rules require), *and Flora v. Flora,* 603 A.2d 723, 725 (R.I.1992) ("We do not find a sufficient basis, in the legislative history of the [FSPA] or in the case

the theory of implied consent, there also appears to be disagreement regarding whether the military spouse's participation in the underlying dissolution proceedings provides a continuing basis to exercise jurisdiction with respect to post-dissolution proceedings to divide military retirement pay.[6]

¶ 20 We need not address the second issue of contention, however, because we agree with those courts holding that a state court may exercise personal jurisdiction over a military member who makes a general appearance without expressly contesting personal jurisdiction. *See, e.g., Gowins v. Gowins,* 466 So.2d 32, 36 (La.1985) ("10 U.S.C.A. § 1408(c)(4)(C) does not require express consent. A military spouse can give implied consent to a state court's jurisdiction by making a general appearance, waiving all jurisdictional objections."); *Judkins v. Judkins,* 113 N.C.App. 734, 441 S.E.2d 139, 140 (1994) (state court obtained personal jurisdiction over military member where he made a general appearance by seeking affirmative relief in his answer without contesting personal jurisdiction); *Kildea v. Kildea,* 143 Wis.2d 108, 420 N.W.2d 391, 393–94 (App. 1988) (holding that the military member's "general appearance and failure to timely object to personal jurisdiction gave the trial court the authority to divide his military pension.").

¶ 21 Here, when Husband first appeared and challenged Wife's claim to a portion of his military retirement pay, he made no claim that the family court lacked personal jurisdiction.[7] Instead, he affirmatively invoked the family court's jurisdiction by requesting the appointment of a special master to determine the status of his retirement. The family court appointed the special master at a hearing where both Husband and his counsel were present. During that hearing, Husband's counsel confirmed Husband would be able to provide necessary documents in order to "determine the special master." The court then formally appointed the special master, and neither Husband nor Husband's counsel objected to the appointment, requesting only that Wife bear the cost of the special master's fees.

¶ 22 After the court appointed the special master, Husband filed a "Motion for Clarification" in which he asked the court to clarify the purpose and scope of the appointment. In the motion, Husband asked the court to clarify that the special master should "determine first if Husband's military retirement was required to be divided and, if so, ... determine how it should be divided." Husband did not contest personal jurisdiction in that motion.

¶ 23 Husband later filed an objection to the order appointing the special master, arguing that Wife should be responsible for all costs associated with the appointment. In the objection, Husband specifically asked the court to order the special master to address all

---

law, to persuade us that implied consent can meet the consent requirements of § 1408(c)(4)."), *with Allen v. Allen,* 484 So.2d 269, 271 (La.App.1986) (the FSPA does not require express consent and a military spouse can give implied consent to a state court's jurisdiction by making a general appearance and waiving all jurisdictional objections).

6. *Compare, e.g., Seeley v. Seeley,* 690 S.W.2d 626, 627–28 (Tex.App.1985) (husband consented to jurisdiction under the FSPA because he allowed the divorce trial to proceed on the merits without first obtaining a ruling on his special appearance motion), *and In re Marriage of Parks,* 48 Wash. App. 166, 737 P.2d 1316, 1318–19 (1987) (seeking affirmative relief in original dissolution proceeding constitutes implied consent), *with Tarvin v. Tarvin,* 187 Cal.App.3d 56, 232 Cal.Rptr. 13, 15–16 (App.1986) (California courts do not have continuing jurisdiction to apportion military retirement pay based on consent to jurisdiction in the original dissolution proceedings), *and Wagner v. Wagner,* 564 Pa. 448, 768 A.2d 1112, 1119 (2001) (Pennsylvania courts may not apportion military retirement pay under the FSPA "unless the member consents to the court's jurisdiction over his person specifically to distribute the retirement pay").

7. Arguably, Husband made a general appearance when his counsel filed a "Notice of Limited Scope of Representation," in which she entered notice of her appearance to file a response to Wife's petition but did not contest personal jurisdiction. Similarly, Husband appears to have made a general appearance when he filed a motion to dismiss Wife's petition, in which he responded to the factual and legal merits of the petition without contesting personal jurisdiction. We do not rely on these pleadings, however, because Husband's later actions in the matter clearly indicate his consent to the appointment of the special master and to Arizona's jurisdiction.

relevant issues pertaining to his military retirement pay. Husband again did not contest personal jurisdiction in the objection.

¶ 24 Thus, by the time he first contested personal jurisdiction (and, even then, only in communications with the special master), Husband had: (1) made a general appearance; (2) personally and through counsel appeared at a court hearing; (3) specifically requested a special master be appointed to address his retirement pay; and (4) sought clarification about the special master's role and payment of the special master's fees.

¶ 25 By making an appearance, requesting affirmative relief from the court and taking these other actions before raising any personal jurisdiction issue, Husband consented to Arizona's jurisdiction. *See Ins. Corp. of Ireland,* 456 U.S. at 703, 102 S.Ct. 2099 ("[A]n individual may submit to the jurisdiction of the court by appearance."); *Kline v. Kline,* 221 Ariz. 564, 569, ¶ 18, 212 P.3d 902, 907 (App.2009) ("In Arizona, an 'appearance' for purposes of the rules is synonymous with a 'general appearance.' A party has made a general appearance when he has taken any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court." (footnote and citations omitted)).

¶ 26 Husband's reliance on *Tarvin* is misplaced. The husband in *Tarvin* timely contested personal jurisdiction before making a general appearance or requesting affirmative relief. 187 Cal.App.3d 56, 232 Cal.Rptr. 13 at 14–15. Here, by contrast, Husband consented to Arizona's jurisdiction in the instant proceedings when he failed to timely object to personal jurisdiction.[8] The family court

therefore properly exercised personal jurisdiction over Husband.[9]

### Apportionment of Husband's Military Retirement Pay

■ ¶ 27 Husband argues the family court erred by awarding Wife a portion of his military retirement pay that he claims is his post-dissolution sole and separate property. Specifically, Husband claims he was an E–5 level service member at the time of dissolution in 1981, but that he had advanced in rank and pay to the level of an E–7 at the time he retired in 1991. Thus, he contends any increase in his military retirement pay attributable to his post-decree advancement in rank is his sole and separate property and the court erred by failing to exclude any such increase from its award.

¶ 28 Without commenting on the merits of Husband's argument, we find the argument to be waived because he failed to raise it with the family court and on appeal failed to support it with citations to the record or legal authority. *See Pflum v. Pflum,* 135 Ariz. 304, 307, 660 P.2d 1231, 1234 (App.1982) ("Matters not raised below will not be considered on appeal." (citations omitted)); AR-CAP 13(a)6 (appellant's brief shall contain arguments "with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on"); *Brown v. U.S. Fid. & Guar. Co.* 194 Ariz. 85, 93, ¶ 50, 977 P.2d 807, 815 (App.1998) (rejecting assertions made without supporting argument or citation to authority).

---

**8.** Indeed, the California courts have held that California has jurisdiction to apportion military retirement pay where the military member makes a general appearance and fails to contest jurisdiction. *See, e.g., In re Marriage of Jacobson,* 161 Cal.App.3d 465, 207 Cal.Rptr. 512, 515 (App. 1984); *see also In re Marriage of Sarles,* 143 Cal.App.3d 24, 191 Cal.Rptr. 514, 517–18 (1983) ("Once a party has generally consented to a court's jurisdiction, it may not be attacked later.").

**9.** Husband also claims the family court erred by denying his request to strike all language "attempting to 'reserve' or 'retain' jurisdiction" from the orders apportioning Husband's military retirement pay and adopting the recommenda-

tions of the special master. Husband claims "such an approach was a violation of the FSPA." Husband, however, requested the appointment of the special master to apportion his military retirement pay, which allowed the court to exercise personal jurisdiction pursuant to 10 U.S.C. § 1408(c)(4)(C). To the extent Husband argues the family court erred by retaining or reserving personal jurisdiction on this basis, Husband waived this claim on appeal by failing to elaborate on his argument or support it with citation to legal authority. *See In re U.S. Currency in Amount of $26,980.00,* 199 Ariz. 291, 299, ¶ 28, 18 P.3d 85, 93 (App.2000) (refusing to consider bald assertions offered without elaboration or citation to legal authority).

*Costs and Attorney Fees*

¶ 29 Wife requests an award of attorney fees on appeal pursuant to A.R.S. § 25–324 (Supp.2011). Wife argues she is entitled to attorney fees because she has a substantially lower income than Husband and Husband advanced unreasonable positions in this matter.

¶ 30 We disagree that Husband caused delay by pursuing this appeal or that he otherwise took unreasonable positions. However, Wife's financial affidavit does indicate she has limited income, and we therefore award Wife a reasonable sum of attorney fees and her costs upon her compliance with ARCAP 21.

## CONCLUSION

¶ 31 For the reasons set forth above, we affirm.

CONCURRING: JON W. THOMPSON and SAMUEL A. THUMMA, Judges.