NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CML-AZ CORNERSTONE, L.L.C., a Florida limited liability company,
*Plaintiff/Appellee,*

*v.*

RICHARD J. OROSEL and JOANN OROSEL, *Defendants/Appellants.*

No. 1 CA-CV 13-0152
FILED 03/18/2014

---

Appeal from the Superior Court in Maricopa County
No. CV2011-009614
The Honorable J. Richard Gama, Judge

**APPEAL DISMISSED**

---

COUNSEL

Sherman & Howard L.L.C., Phoenix
By Thomas C. Axelsen, Gabriel A. Peraza
*Counsel for Plaintiff/Appellee*

Davis Limited, Scottsdale
By Greg R. Davis
*Counsel for Defendants/Appellants*

---

**DECISION ORDER**

Judge Michael J. Brown delivered the decision of the Court, in which Acting Presiding Judge Margaret H. Downie and Chief Judge Diane M. Johnsen joined.

---

**B R O W N, Judge**:

**¶1**        Richard and Joann Orosel (the Orosels) appeal from the superior court's grant of summary judgment in favor of CML-AZ Cornerstone (CML) on its claim of breach of guaranty. The Orosels also appeal the superior court's denial of their post-judgment "Motion for Reconsideration/Clarification or, in the Alternative, Motion for New Trial" (Post-Judgment Motion). CML argues that we lack jurisdiction to consider the Orosels' appeal. Even if CML had not raised this issue, however, we have an independent duty to review the record and determine whether appellate jurisdiction exists. *See Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997).

**¶2**        "In civil cases, a timely filing of a notice of appeal is a jurisdictional prerequisite for review in this court." *Korens v. Ariz. Dep't of Econ. Sec.*, 129 Ariz. 426, 427, 631 P.2d 581, 582 (App. 1981) (citation omitted). A notice of appeal must be filed "not later than 30 days after the entry of judgment from which the appeal is taken[.]" Arizona Rule of Civil Appellate Procedure (ARCAP) 9(a). In this case, the superior court entered a signed judgment on December 7, 2012. Appellants filed a notice of appeal on January 30, 2013. Thus, the notice of appeal was untimely under ARCAP 9(a) unless a time-extending motion tolled the 30-day deadline. *See* ARCAP 9(b).

**¶3**        On December 19, 2012, the Orosels filed their Post-Judgment Motion. A timely motion for new trial filed pursuant to Arizona Rule of Civil Procedure 59(a) extends the time to file a notice of appeal. ARCAP 9(b). A motion for reconsideration does not extend the time to file a notice of appeal. *See* Ariz. R. Civ. P. Rule 7.1(e). Regardless of its title, if a motion for reconsideration both refers to Rule 59 *and* describes one of the grounds set forth in Rule 59(a), it may be treated as a motion for new trial and extend the time to file a notice of appeal. *See Farmers Ins. Co. of Ariz. v. Vagnozzi*, 132 Ariz. 219, 221-22, 644 P.2d 1305, 1307-08 (1982); *see also James v. State*, 215 Ariz. 182, 185-86, ¶¶ 13-16, 158 P.3d 905, 908-09 (App. 2007)

(applying *Vagnozzi* and concluding appellant's motion, which neither cited Rule 59(a) nor any of its substantive grounds for relief, did not qualify as a time-extending motion); *Rawlings v. Apodaca*, 151 Ariz. 180, 183, 726 P.2d 596, 599 (App. 1985), *vacated in part on other grounds*, *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986) (citing *Vagnozzi* and explaining "our supreme court held that a motion for a new trial must meet two requirements. It must refer to Rule 59, ARCP, as authority, and it must describe the grounds set forth under that rule as the basis for the motion."); 1 Arizona Appellate Handbook § 3.4.1.2.2, at 3-45 (Philip Hall & Pamela Peterson eds., 5th ed. 2010) (explaining that a motion must refer to the correct rule to extend the time for appeal). Moreover, if the motion fails to refer to Rule 59 or to describe a ground in Rule 59(a), this court will nonetheless consider it time-extending if the superior court treated the motion as one arising under Rule 59 *and* stated in the record its intention to do so. *Vagnozzi*, 132 Ariz. at 221-22, 644 P.2d at 1307-08.

**¶4**　　　　Here, the Post-Judgment Motion does not cite or otherwise refer to Rule 59; it refers only to Rule 60(c)(6). *See* Ariz. R. Civ. P. 60(c)(6) ("On motion and upon such terms as are just the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."). Because the Post-Judgment Motion did not refer to Rule 59, it could toll the 30-day deadline in ARCAP 9(a) only if the record indicates the superior court treated the motion as one made under Rule 59(a). *See id*. Nothing in the record indicates the court did so. Thus, under *Vagnozzi*, the motion's failure to cite Rule 59, coupled with the superior court's failure to treat the motion as one under Rule 59, compels the conclusion that the notice of appeal was untimely. We therefore lack jurisdiction over this appeal.

**¶5**        We do not address the superior court's ruling denying the Post-Judgment Motion, other than to note that the ruling is unsigned.  As such, it is not currently appealable as a special order after final judgment under Ariz. Rev. Stat. § 12-2101(A)(2).  *See* Ariz. R. Civ. P. 58(a); *Davis v. Davis*, 230 Ariz. 333, 335 n.2, ¶ 12, 284 P.3d 23, 25 n.2 (App. 2012) (explaining an unsigned ruling is not a final appealable order).

**¶6**        IT IS THEREFORE ORDERED dismissing this appeal for lack of jurisdiction.



Ruth A. Willingham · Clerk of the Court
FILED: gsh